HEMPHILL, Cii. J.
In support of the position that the judgment under which tlie sale was effected is a nullity, the appellee refers to the decision of this court iu Titus v. Latimer, 5 Tex. R., 433, in which it was hold that tlie District Court had no power by appeal to take cognizance of judgments rendered in inferior jurisdictions, with the exception of judgments iu inferior tribunals exercising jurisdiction in matters pertaining to tlie estates of deceased persons, and that tlie law vesting such appellate power in the District Court was unconstitutional.
On the principles settled in this case it is very clear that the District Court acted without authority in revising tlie magistrate’s judgment upon its merits, and that the judgment of tlie Supreme Court was equally without authority. For if tlie District Court or the court a quo liad no power, the appellate court had none. (Aulanier v. The Governor, 1 Tex. R., 653; 3 Tex. R., 137.) And it is equally clear that this judgment, without lawful power, is a nullity, and cannot be used as evidence in support of the title set up by tlie appellant. (Coweu and Hill’s Notes, 4 vol., p. 12.)
The principle that a judgment of a court acting without authority is null •seems to bo of universal application. The only difference in its effect on the judgments of general and of specially limited jurisdictions is, that in support of the former, jurisdiction is presumed, while in the latter it must be shown; but whenever the want of power is made to appear, its legal effect is the same', whatever may be the character of tlie jurisdiction. (Cowen and Hill’s Notes, 4 vol., pp. 206, 214, and the cases cited.) The cases are numerous in which the effect of a waut of authority is enunciated, and it is thus perspicuously stated in Elliott v. Piersol, 1 Pet. R., 328-340: “Where a court has jurisdiction it has a right to decide every question which occurs in the cause, and “whether its decision be correct or otherwise, its judgment, until reversed, is “ regarded as binding in every other court. But if it act without authority, it's “ judgments and orders are nullities. They are not voidable, but simply void, “ and form no bar to a recovery sought, even prior to a reversal, in opposition “to them.”
The appellant contends that a judgment of the Supreme Court, having general appellate jurisdiction, is conclusive, unless set aside before the expiration of tlie term, and that uo court can look behind it; and, in support of this position, refers to the case ess parte Tobias Watkins. (3 Peters, 193.) There are some strong expressions iu tlie opinion as to the absolute conclusiveness of judgments by courts of general jurisdiction, unless they be reversed on error or ajipeal. Whether they are reconcilable with other cases iu the same tribunal I shall not attempt to discuss. There are repeated recognitions in the opinions of that court of the general rule as to tlie legal consequence of the want of power, whether the jurisdiction be general or special. In Voorhies v. The Bank of the United States, 10 Peters, 474, it is said, in substance, that tlie only difference between tlie Supreme Court and other courts is, that no court can revise tlie proceedings of the Supremo Court, but that that difference disappears after the time prescribed for a writ of error or appeal to revise those of an inferior court of the United States or of any State. They stand on tlie same footing in law. If not warranted by the Constitution or law of the land the most solemn proceedings of the Supremo Court can confer no right which is denied to any judicial act, under color of law, which can properly be deemed to have been done coram non jiulice, that is, by persons assuming the judicial function in the given case without lawful authority. In Williamson et al. v. Berry, 8 Howard, 540, it was declared, in the opinion of a majority of the court, *161 to he a '■ well-settled rule in jurisprudence that the iurisdiciion of any “ court exercising authority over a subject may he Ttquired into in every other “ court \th"'i the proceedings in the foi uer arc red ' upon and brought before '■'■fhe Inf1 by a party claiming the 1 ■ .dlt of . h proceedings. The rule ' prevail - hotlier the decree or judgi ut has i given in a,"Court of Ad-miraliy, i. iianeoiy, Ecclesiastical Court, or Court oí Common Law, or whether u the point ruled has arisen under the laws of nations, the practice in chancery, “ or the municipal laws of Slates.” (3 Dall. R., 7; 4 Crauch, 241; 13 Peters, 400; 3 Howard, 750.) The rule thus staled is sulhcieutly broad to cover the judgments of all courts, unless indeed there he a court whose jurisdiction is unlimited.
Note 53. — Foster v. McAdams, post 542; Chambers if. Hodges, 23 T., 104; Cowan v. Nixon, 28 T., 230; Clements u. The City of San Antonio, 34 T., 25.
Note 54. — Where there was a judgment against partners, and the real estate of one of the partners wa s sold thereunder after his death, it was held that the purchaser could not be compelled to restore the property until reimbursed the amount paid by him, and that he was entitled to pay for permanent improvements, and that it was properly decreed that no writ of possession should issue until the plaintiff had paid the money into court for the benefit of the -defendant, and that if plaintiff failed to pay the money within twelve months the title should be vested in the defendant. (Bailey v. White, 13 T., 114; Sydnor v. Roberts, 13 T., 598.)
Another position assumed by the appellant is, that it is no objection to his title that the law by which appeal was had from the Justice’s Court and final judgment in this court was unconstitutional; or, in other words, that where a law, (hough unconstitutional, gives jurisdiction, the judgment is not a nullity. In support of this view, the case of Webster v. Reed, (1 Iowa R., 466,) is cited. This case was revised oil error in the Supreme Court of the United States, and ■the judgment of the lower court was totally reversed. The judgments which had íleon supported by the lower court were by the Supreme Court declared nullities; and it was also held, that when a judgment was brought collaterally before the court as evidence, it may he shown to he void on its face for the want of notice to the person against whom it is'recovered or for fraud.
The principles of law being conclusive against the validity of the judgment relied upon, we, are of opinion that there was no error in overruling the ex■ception to the defendant’s answer and dismissing the petition.
In the case before the court the plaintiff in the execution purchased the property sued for, but had not gone into possession. The facts of this case are not such as to authorize a discussion or decision relative to the equities which might have arisen and the terms which might have been imposed had "the appellant, under a fair sale, gone into possession, or had a third person been the purchaser, and the appellee was by suit attempting recovery of the premises. Nor are we by this opinion precluded from sanctioning such equitable doctrines, consistent with the principles of law, as will protect officers enforcing process uuder a void judgment, and will meliorate the harshness o£ ■the rule as to the effect of jurisdictional mistakes. (Howard and Wife v. North, 6 Tex. R., 315, 316, 317; 5 Wend. R., 176, 177; 11 Mart. R., 610; 7 Mon. R., 615; 8 Da. R., 183.)
Judgment affirmed.