## ELIJAH MILLER v. CITY BANK OF SHERMAN.

### COURT OF APPEALS, AUSTIN TERM.

*Jurisdiction of county court.*—County courts are devoid of original juris‑ diction in civil cases where the amount involved is less than two hundred dollars.

*Same.*—Transcript to this court must show affirmatively how the county court acquired jurisdiction. This court cannot ascertain the jurisdiction of the county court *aliunde* the record. Note this case for transcript which fails to disclose jurisdictional facts.

*Same—Appeal.*—Where the county court has entertained jurisdiction by virtue of an appeal from a justice's court, and the record fails to disclose the jurisdictional facts necessary to show that the case was originally tried in the justice court and appealed, such failure is fatal to the appeal to this court.

*Same.*—When the county court had no jurisdiction, this court acquires none by virtue of appeal.

Appeal from the County Court of Grayson County.—Opinion by Walker, P. J.—The record in this case shows that the suit was the trial of the right of property, wherein the appellee was the plaintiff, and the appellant the claimant of the property levied on. It does not appear from the record in what court the suit originated; the record does not contain any of the papers which are contemplated to be filed in court, as the initiation and foundation of

an action to try the right of property, as the claimant's oath, bond, etc. The proceedings and pleadings pertaining to the case are all original papers and records of the cause, filed in the county court, where the judgment appealed from was rendered; there is not to be found any record or paper in the transcript which shows that the case was brought to the county court from a justice's court by appeal, as the brief of appellant's counsel affirms it was. The record before us indicates, *prima facie*, that the cause was before the county court as brought there originally, and not by appeal.

The proof showed that the property in controversy was of less value than two hundred dollars, and that the judgment rendered against the appellant and his sureties was for ninety dollars and sixty-five cents, with interest from September 20, 1881, until judgment, to-wit, December 3, 1881, at eight per cent per annum, and for nine dollars and six cents as damages, and all costs of suit. There is nothing in the pleadings or issues, nor does it appear by any record or document in the case, what specific property was levied upon and was the subject of this trial, nor does any return of the sheriff or constable show the levy upon the same, nor the valuation placed upon the same by the officer. The claimant's statutory claim bond not appearing in the record, there exists no data from which it may be seen, except by a perusal of the evidence, what property was the subject of controversy, nor what was the value thereof, so as to determine, by the value of the subject matter of the litigation, to which court jurisdiction rightly belonged for the trial of the cause.

The appellee filed a motion to dismiss this appeal for want of jurisdiction, because the judgment appealed from is for ninety dollars and sixty-five cents only, and because the amount in controversy is less than one hundred dollars.

If the case was entertained in the county court as an original suit, the record fails to furnish a basis of jurisdiction. The suit did not involve a controversy concerning property of the value of two hundred dollars, according to the evidence disclosed in the statement of facts, and the record nowhere indicates the contrary. But the rule for determining the question requires the record to show affirmatively how the county court acquired jurisdiction, and this court cannot ascertain the jurisdiction of the county court *aliunde* the record. (Chresman v. Graham, 51 Texas, 454.)

If, in fact, the county court entertained jurisdiction of the case by virtue of an appeal from a justice's court, the failure of the re-

cord to disclose the necessary jurisdictional facts essential to show that the cause was originally tried before the justice's court and was appealed to the county court is fatal to this appeal, upon the authority of the case just cited.

If the county court had no jurisdiction, the Court of Appeals can acquire none. (Horan v. Wahrenberger, 9 Texas, 313; 3 Texas, 157; 6 Texas, 263; 4 Texas, 223.

The motion to dismiss must prevail, and the appeal should be dismissed for want of jurisdiction.