GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY
v. M. E. BLAKENEY, GUARDIAN.

No. 2700.

**Trespass to Try Title—Equitable Defense.**—An action of trespass to try title was brought by a guardian for two minors for the recovery of the right of way held by a railway company. The defendant pleaded condemnation proceedings, in which the administrator of the estate of the father of the minor plaintiffs was made a party; that the railway had paid the value of the land ascertained in the proceedings, and that the money so paid was appropriated to the payment of liens upon the lands which said minors inherited from their father. *Held:*

1. That no recovery of the land could be had unless the purchase money was returned.

2. That when such an equity in the land was pleaded in defense the plaintiff should have replied by a tender of the money.

3. There having been no tender pleaded, and the value ascertained being materially less than the sum paid in the condemnation proceedings, the judgment is reversed and rendered for the defendant.

APPEAL from Harris. Tried below before Hon. James Masterson.
The opinion states the case.

*W. N. Shaw,* for appellant.—The court erred in rendering judgment against defendant, because the facts show that the land in controversy was regularly condemned to the use of the company as against the estate from which the minors derived title; that the amount received by the administratrix in settlement of the condemnation award was applied to the payment of debts and extinguishment of liens against said estate upon the property of said minors, and that said settlement and disposal of the money received was fully approved and confirmed by the Probate Court in which said estate was pending. Mayes v. Blanton, 67 Texas, 245.

No brief for appellee came to reporter.

GAINES, ASSOCIATE JUSTICE.—Mary M. Lawrence and James A. Lawrence, suing by their guardian M. E. Blakeney, brought this suit in the court below in the statutory form of an action of trespass to try title to recover of appellant a strip of land occupied by it as a right of way. The defendant pleaded not guilty, and also answered specially that plaintiffs claimed the land as heirs of their deceased father; that in 1880, after the death of the father, defendant instituted proceedings against Mary Lawrence as the administratrix of his estate for the condemnation of the land as its right of way; that the commissioners appointed awarded a condemnation, and that the administratrix appealed to the County Court. Defendant also alleged that pending the appeal a compromise was agreed upon between the parties; that in pursuance of such compromise defendant paid the administratrix the sum of $437, which she received in full

satisfaction for the land; that she subsequently reported her action to the County Court; that her report was confirmed, and that money so received was appropriated by her in discharge of liens then subsisting upon other real estate of her intestate which the plaintiffs inherited from their father. It was also alleged that a decree was entered in the County Court in the condemnation proceedings confirming the title of defendant to the right of way, and that the administratrix made a conveyance of the right of way in accordance with that decree.

There is no conflict in the evidence. It showed beyond controversy the facts alleged in the special answer, and more specifically that when the administratrix reported to the County Court the receipt of the $437 for the condemnation of the land she also reported that she had paid $37 to the attorneys who represented her in the condemnation proceedings, and appropriated the balance in paying off a mechanic's lien upon a certain house built upon land the separate property of the father of the plaintiffs, to whom said property descended at his death; and that this report was confirmed and approved by the County Court. Upon the trial the land in controversy was shown to be worth $360. The court gave judgment for plaintiffs against defendant for the sum of $360, but also condemned a right of way in the land to the use of the company. The plaintiffs acquiesced in the judgment, but defendant appeals.

It is assigned that the court erred in giving judgment for plaintiffs without requiring them to refund to the defendant the money paid by it which had been appropriated to the extinguishment of encumbrances on their property. It must be conceded that as a general rule one can acquire no right against another by the voluntary payment of the latter's debt. But to this there are exceptions. When a debtor's property is subject to be lawfully sold under judicial process and it is sold in an illegal manner the sale may be held void. Yet if the debtor sue to recover the property he can only succeed by proffering to pay the purchase money which has gone to extinguish his debt.

This principle was distinctly announced in Howard v. North, 5 Texas, 290, and has been recognized and followed in many subsequent cases. Horan v. Wahrenberger, 9 Texas, 313; Bailey v. White, 13 Texas, 114; Teas v. McDonald, Id., 349; Sydnor v. Roberts, Id., 598; Brown v. Lane, 19 Texas, 203; Andrews v. Richardson, 21 Texas, 287; Morton v. Wellborn, Id., 772; Johnson v. Caldwell, 38 Texas, 218; Stone v. Darnell, 25 Texas Supp., 435; Burns v. Ledbetter, 56 Texas, 282; Walker v. Lawler, 45 Texas, 538; Mayes v. Blanton, 67 Texas, 245.

It may be that the purchaser is not entitled to affirmative relief and to bring his action to recover the money paid by him, but he in our courts is permitted to defend a suit for the recovery of the property to the extent of demanding that his money shall be refunded as a condition of the plaintiff's recovery. There is no difficulty in applying the rule in equity.

A party asking the aid of that court is always required to do equity. There is more difficulty in holding that the defense may be interposed to an action of trespass to try title, based upon the legal title. The plaintiff in such a suit asks no equity. Nevertheless our courts are courts of equity as well as of law, and no reason is seen why, as a matter of substantial justice, the defense should not avail as well against a suit supported by a legal title as against one which calls for the exercise of the powers of a court of equity in order to obtain the relief sought.

In the leading case cited (Howard v. North) the plaintiff sued to recover land which had been sold at a sheriff's sale; the sale was held absolutely void, and yet the purchaser was held entitled to have his money refunded as a condition to a recovery of the land.

We think the same principle should be applied to the case before us. The defendant under its charter had the right to condemn the land for its right of way. It sought to exercise that right in the manner pointed out by the statute. The land belonged to the estate of a deceased person. The administratrix was made a party to the proceedings, but the plaintiffs, the holders of the legal title, were not. It would seem that they were not bound unless they were made parties, and that the proceedings were void as to them. Mills on Em. Dom., sec. 67. The damages were paid to the administratrix, who in the performance of her duty applied the money to discharge of valid liens against property of the estate which belonged to the plaintiffs. It would be against the manifest justice and equity of the case to permit them to recover the land without refunding the money of which they have had the benefit. When the defendant pleaded the facts they should have made an offer to refund. Having failed to do this, upon the proof of the facts alleged in the answer, the court should have given judgment for the defendant. The plaintiffs have recovered already of defendant more than the value of the land proved upon the trial. It is not probable that upon another trial they will offer to refund it. A judgment for defendant attains the manifest justice of the case.

The judgment of the court below is accordingly reversed and rendered in its favor.

*Reversed and rendered.*

Delivered March 1, 1889.