## WASHINGTON et al. v. CITY OF HOUSTON.
### No. 9833.

Court of Civil Appeals of Texas. Galveston.
Jan. 31, 1933.

Rehearing Granted April 27, 1933.

City's Motion for Rehearing Refused May 25, 1933.

Geo. G. Clough, and M. E. Clough, both of Houston, for plaintiffs in error.

Sam Neathery, Wm. D. Orem, Geo. D. Neal, and Lewis W. Cutrer, all of Houston, for defendant in error.

GRAVES, Justice.

On March 23 of 1928 Ella B. Peterson and Maggie Washington, individually, and Ella B. Peterson, as independent executrix of the estate of Henry Goosby, deceased, in consideration of a recited sum to them in cash paid of $4,256.25, both acknowledging the same as femes sole, jointly conveyed by their warranty deed to the city of Houston 5,675 square feet of land (all of lot No. 11, block Z, Powars subdivision of the Sackman 2-acre tract out of the John Austin 2-league grant in the city of Houston, Harris county, Tex.); Ella B. Peterson also acknowledging the conveyance in her capacity as executrix.

Thereafter, Maggie Washington, joined by her husband, Bernard Washington, in this proceeding sought the recovery of her alleged one-half interest in this land on the ground that the above-described deed was null and void as to her because of the fact, which it is charged was known to the city of Houston in accepting the deed, that she was at that time a married woman, despite the recitation in the deed and certificate of acknowledgment thereof to the contrary, and that the instrument was neither signed nor acknowledged by her as such married woman, nor in any way joined in nor acknowledged by her husband, Bernard Washington; she further charged that the property was her separate estate and homestead, and that the city was claiming her interest therein under the deed referred to, thereby casting a cloud upon her title to it; she prayed for cancellation of the deed, restoration of title in and possession of the premises, with removal of cloud therefrom, and for general relief.

On a trial before a jury, the court refused a like request from the plaintiff and instructed a verdict in favor of the defendant, and, on its due return, entered judgment that plaintiff take nothing.

Through a writ of error, the contention is repeated in this court that, under the undisputed facts, judgment should have gone below in favor of Maggie Washington for the land, since she was a married woman to the knowledge of the city at the time the deed was executed, which was neither joined in by her husband nor separately acknowledged by her as a married woman, and accordingly was wholly null and void.

The defendant in error city admits the soundness of the contention that the purported deed of Maggie Washington was void as such, since the evidence conclusively established that she was a married woman at the time, but it urges that the judgment denying her a recovery of her interest in the land was nevertheless correct, for the reason that, although she may have been entitled at the time of the sale of the land to the city evidenced by the deed to avoid the sale through the failure to comply with the requirements of the law, she did not do so, but adopted and ratified the sale and retained the proceeds therefrom, without having offered to return them either then or on the trial of this suit, wherefore she was in equity estopped from thereafter setting it aside; these authorities are cited in support of this answering position: Stephenson v. Marsalis, 11 Tex. Civ. App. 162, 33 S. W. 383, 386; G., H. & S. A. Railway v. Blakeney, 73 Tex. 180, 11 S. W. 174; Vineyard v. Heard (Tex. Civ. App.) 167 S. W. 22; Ramirez v. Garza (Tex. Civ. App.) 269 S. W. 1102.

It seems to this court that the authorities so presented sustain the action of the trial court, which accordingly has been affirmed.

The undisputed evidence shows that Maggie Washington and Ella Peterson acquired this property by inheritance from their father, Henry Goosby; that Ella Peterson was the duly qualified and acting independent executrix of their father's estate, and no evidence that there had ever been a partition of his estate was made a part of this record; it likewise further appears that one Hyman Hart had authority to and did act for both Ella Peterson and Maggie Washington and her husband, Bernard, in procuring a sale of the land for them to the city, and that the sale as so consummated by him was agreeable to Maggie as well as her husband; that Maggie got her full share of the recited consideration for the sale at the time; and that she had ever since held the same without offer to return any part of it to the city.

It is true there was in this instance no issue of fraud raised on the part of Maggie Washington in so obtaining her part of the money paid by the city as consideration for the sale of this land to it, but that was likewise the precise state of fact obtaining in the Marsalis Case, and, in adversely determining the contention of the appellants there that they could not be estopped for that reason, the court said:

"They invoke the doctrine that they cannot be estopped unless their acts were intentional and fraudulent, and upon this line we are referred to the cases of Fitzgerald v. Turner, 43 Tex. 79; Johnson v. Bryan, 62 Tex. 623; Steed v. Petty, 65 Tex. 490; Mayo v. Tudor's Heirs, 74 Tex. 471, 12 S. W. 117. After a thorough examination of these cases, we do not consider them applicable to the facts

of this case. In our state, it is true that married women and infants have always been guarded with vigilance, and their rights carefully protected under the law, but we do not think it has ever been the policy of our law to become itself an instrument of fraud to subserve this purpose. The law of estoppel is thus clearly stated by one of our leading text writers: 'No man can adopt that part of a transaction which is favorable to him, and reject the rest to the injury of those from whom he derived the benefit. This application of the law of estoppel admits of less mistake or misapprehension than any other, and is a favorable doctrine with all tribunals whenever the circumstances are such as to admit of its application. Therefore, where those who are entitled to avoid a sale adopt and ratify it, equity will estop them from afterwards setting it aside for reasons which are too plain for statement. Where a sale of land is made, no one can be permitted to receive both the money and the land. * * * Equitable estoppels of this character apply to infants as well as to adults, to insolvent trustees and guardians as well as to persons acting for themselves, and have place as well when the proceeds arise from a sale by authority of law as where they spring from the act of the party. The receipt of the purchase money is an affirmance of the sale, whether it were void or only voidable.' 2 Herm. Estop. §§ 800, 801. It has been held that the conduct of infants and married women may result in what could not be done by an express attempt on their part to do by contract. Bigelow, Estop. p. 607. These general principles are well supported by the decisions of other states, and it has been held by the supreme court of Alabama in an able opinion [Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 So. 197, 13 Am. St. Rep. 73] that even though the sale be void, and the purchaser acquires no legal title whatever under it, yet if the heirs get the benefit of the purchase money, either directly or indirectly, they cannot recover the land. The court says: 'Regarding the proceedings in the probate court as void at law, for the reasons stated, what, we may inquire, were the equitable rights, if any, acquired under it by the purchaser? This question has been fully settled by our past decisions. Where land of a decedent is sold by the probate court for the payment of debts or for distribution, and the proceeding is void for want of jurisdiction or otherwise, and the purchase money, being paid to the administrator, is applied by him to the payment of the debts of the decedent's estate or is distributed to the heirs, while the sale is so far void as to convey no title at law, the purchaser, nevertheless, acquires an equitable title to the lands, which will be recognized in a court of equity. And he may resort to a court of equity to compel the heirs of a devisee to elect a ratification or rescission of the

contract of purchase. It is deemed unconscionable that the heirs or devisees should reap the fruits of the purchaser's payment of money appropriated to the discharge of debts, which were a charge upon the lands, and at the same time recover the lands. They are estopped to deny the validity of the sale, and at the same time enjoy the benefits derived from the appropriation of the purchase money. And this principle applies to minors as well as to adults."

Neither is it an insuperable objection that this was an action at law—that is, one of trespass to try title—hence the principles of equity could not be applied, since our Supreme Court through Judge Gaines seems to have held the other way in this declaration in G., H. & S. A. Railway v. Blakeney, 73 Tex. 180, 11 S. W. 174, supra: "There is more difficulty in holding that the defense may be interposed to an action of trespass to try title, based upon the legal title. The plaintiff in such a suit asks no equity. Nevertheless, our courts are courts of equity as well as of law, and no reason is seen why, as a matter of substantial justice, the defense should not avail as well against a suit supported by a legal title as against one which calls for the exercise of the powers of a court of equity in order to obtain the relief sought."

The cited Ramirez Case applies the same principle to minors.

The will of Henry Goosby seems to have contained no authority to Ella Peterson, so named as independent executrix, to alienate any of the land belonging to his estate, and for that reason her effort in the challenged deed to do so may not be considered a valid legal conveyance; but still, under these authorities from our own courts, the agreement of these parties to make the sale of the land to the city that the challenged instrument was at least evidence of, together with their continued retention of the proceeds of the sale, we think, operated as an estoppel against their rescinding it, in the absence of any return or tender back of the purchase money by them.

An affirmance has been entered.

Affirmed.

### On Motion for Rehearing.

The motion of plaintiffs in error for rehearing has convinced this court that its affirmance of this cause on original consideration was error; that action upon the specific question determined was based alone upon the holding in Stephenson v. Marsalis, 11 Tex. Civ. App. 162, 33 S. W. 383, and is now determined not to have been properly supported either by that decision or its own facts, for these reasons:

(1) As is pointed out in Speer's "Law of Marital Rights in Texas" (3d Ed.) § 278, the children or heirs in that instance had receiv-

ed by judgment of the probate court not only the benefits of the sale of the homestead involved, but other property as well, hence there was an estoppel by judgment.

■ (2) Here, on the other hand, there was a determinatively different state of facts; as indicated in our original opinion, there was neither conscious, affirmative, nor any other character of fraud either charged or shown upon Maggie Washington's part; nor could there have been any estoppel by judgment or deed, because the one had never been rendered and the attempt at the other was admittedly a nullity; so that there was here the mere execution of an absolutely void instrument in the form of a deed, together with receipt and retention of the purchase money. This state of fact, under what seems to be an unbroken line of decisions, does. not constitute an estoppel against a married woman preventing the recovery of her property. 23 Texas Jurisprudence, §§ 206 and 275; Speer's "Law of Marital Rights in Texas" (3d Ed.) §§ 197, 277 and 278; City of San Antonio v. Grandjean, 91 Tex. 430, 41 S. W. 477, 44 S. W. 476; Silcock et al. v. Baker et al., 25 Tex. Civ. App. 508, 61 S. W. 939; Merriman v. Blalack, 56 Tex. Civ. App. 594, 121 S. W. 552; Green v. Hopper (Tex. Civ. App.) 278 S. W. 286; Daniel v. Mason, 90 Tex. 240, 38 S. W. 161, 59 Am. St. Rep. 815; Calloway v. Bookout (Tex. Civ. App.) 37 S.W.(2d) 243; Durham et al. v. Luce et ux. (Tex. Civ. App.) 140 S. W. 850; Cauble et al. v. Worsham et al., 96 Tex. 86, 70 S. W. 737, 97 Am. St. Rep. 871; Buvens v. Brown, 118 Tex. 551, 18 S.W.(2d) 1057; W. O. Johnson v. F. B. Bryan et al., 62 Tex. 623; Shear Co. v. Wilson (Tex. Com. App.) 294 S. W. 843.

■ (3) The proof here conclusively, if not undisputedly, shows that an undivided interest in the property described in the purported deed was owned by Maggie Washington, as one of the heirs or devisees of her deceased father, as her separate property and homestead, and that she was at the date of that instrument a married woman living with her husband in possession of it as such, and that the city of Houston had actual knowledge of all these facts before so taking the purported deed to it from her as a feme sole.

For this reason also the city was in no position to claim the land by way of estoppel as a result of having accepted the form of a conveyance it knew, or should have known, had no validity. Equitable Mortgage Co. v. Norton, 71 Tex. 683, 10 S. W. 301, and cited authorities; Robertson v. Vernon (Tex. Civ. App.) 3 S.W.(2d) 573, affirmed in (Tex. Com. App.) 12 S.W.(2d) 991; 21 Corpus Juris, 1131. Also cases cited, supra.

·■■ It·is perhaps proper to add that neither the attempt of Ella Peterson, as inde-

pendent executrix of their father's estate, to convey Maggie Washington's interest in the land to the city, nor the contract of Maggie and her husband with Hart purportedly authorizing him to sell her interest, passed any right or title thereto to the city; this for the reasons, first, that by the express provision of the father's will Ella Peterson had no power of sale. R. S. art. 3448. Coy·v. Gaye (Tex. Civ. App.) 84 S. W. 441; and, second, since the property was her homestead, so far as concerned Maggie, her contract to sell it was equally as ineffective as her deed, Speer's "Marital Rights in Texas" (Edition of 1916) par. 409, and cited authorities.

Pursuant to these conclusions, the motion for rehearing will be granted, the former affirmance will be set aside, and the judgment of the trial court will be reversed; further, since the record here presented shows the title to the whole property described in the purported deed to have been in the estate of Henry Goosby, with separate undivided interests therein devised to Ella Peterson and Maggie Washington, which had not been partitioned, judgment will be here rendered that, as affects such interest of Maggie Washington, the city of Houston take nothing— either by reason of that instrument itself or as a result of having paid her her part of the recited consideration therefor—and that, as against it, she recover the title to and possession of such interest in all respects as if the transaction so evidenced had never been had.

Rehearing granted, affirmance set aside, trial court's judgment reversed, and cause rendered in favor of plaintiffs in error.