**CITY OF SAN ANTONIO, Appellant,**

v.

**Joseph A. BUFFALO, Jr., et al., Appellees.**

No. 13251.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 30, 1957.

Rehearing Denied Nov. 27, 1957.

**143**

Carlos C. Cadena, City Atty., James K. Gardner, Asst. City Atty., San Antonio, for appellant.

W. W. Palmer, Jewell D. Lemons, San Antonio, for appellees.

POPE, Justice.

This is a condemnation suit and concerns the application of the harmless error rule. City of San Antonio has appealed from a jury verdict in favor of condemnees, Joseph A. Buffalo and wife. City presents as its single point the contention that the court failed to strike the inadmissible expert testimony of one witness. In our opinion, the error is harmless.

■ Condemnees presented two experts on land values. Dorothy Avent, one of condemnees' witnesses, admittedly testified properly and used the correct legal measure of damages. Tom Etheridge, though qualified and though he testified without objection on direct examination, on cross-examination showed that he did not observe the rule announced in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 979. He included the damages to the remaining portion of the property in fixing the value of the severed strip which was taken. After City learned that Etheridge's testimony was grounded on the wrong rule, City moved that the evidence be stricken, but the trial court denied the motion. In this there was error.

■ In determining whether error is prejudicial, we may look to the whole record. Dallas Ry. & Term. Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379, 382; Cole v. Waite, 151 Tex. 175, 246 S.W.2d 849, 851. The charge, in three issues, submitted the correct measure of damages. We do not hold that all error is cured if the record contains some proper testimony. An examination of the whole record, however, demonstrates that the jury in this case, not only probably did not consider the improper evidence; it shows that the jury in returning its verdict, in fact did not consider the improper evidence about the strip taken.

The jury, in answer to special issue number one, decided that the market value of the condemned strip, considered as severed land, was $1,600. The improper Etheridge testimony was that the strip was worth only $1,500. Dorothy Avent, on the other hand, testified that the severed strip was worth $2,000. The jury answer, therefore, shows that the jury paid no heed to the value stated by Etheridge, but followed the testimony of Dorothy Avent, which alone supports the higher figure. The jury found in answer to the second special issue that the market value of the land exclusive of the condemned strip, immediately before the strip was condemned, was $7,750. In answer to the third special issue, the jury found that the market value of the land immediately after the strip was condemned was $6,150. In other words, the damages amounted to $1,600. Etheridge had testified that the difference between those two values was $2,000. Dorothy Avent, however, testified that the difference was $1,600, the exact amount found by the jury.

■ The findings show on their face that the jury believed and followed the opinion of Dorothy Avent, and refused to follow the opinion of condemnees' other witness, Mr. Etheridge. Since it appears

that the jury followed the testimony of Dorothy Avent rather than the Etheridge testimony, the result is the same as if the improper part of his testimony had been excluded. The error is harmless.

The judgment is affirmed.

W. O. MURRAY, Chief Justice.

I concur in the result of the opinion of the majority, but do not agree that the court erred in overruling appellant's motion to strike testimony that had been admitted without objection.

The witness Etheridge, after qualifying as an expert on real estate values, testified that the strip of ground taken by the City had a market value of $1,500, that the entire property belonging to appellees had a market value of $8,500, that the property less the strip taken, but before it was taken, had a market value of $7,000, and after the strip was taken the value was $5,000. Following his testimony are about five pages of cross-examination in which the witness was questioned as to just how he arrived at the damage to the remaining property and to the strip taken. At the close of this lengthy cross-examination, the witness was asked the following questions and gave the following answers:

"Q. In arriving at your figure of $1500.00 you figured it would damage the remainder of the property? A. What?

"Q. In arriving at that figure of $1500.00, you figured it would damage the remainder of the property? A. That is taken into consideration by any one.

"Q. You considered the damage to the remainder of the property when you arrived at the figure of $1500.00? A. It is going to damage it to an extent, taking part of that lot, whether John Doe buys it, or the City of San Antonio for an expressway, or anything.

"Q. In arriving at the figure of $1500.00 didn't you consider it would damage the remainder? A. It would.

"Q. In arriving at the figure of $1500.00 for that strip of land taken, did you consider that as part of the homestead, is that right? A. That is right."

Following these questions and answers counsel for the city made a motion to strike. It is not clear from the motion made whether he desired to strike the testimony which the witness had just given, or the testimony that the witness had given on direct examination. He refers to the testimony objected to as "this testimony" which would ordinarily refer to the testimony just given. Most of the testimony given by this witness was admissible, and it was the duty of counsel to be more specific as to just what testimony he desired to have stricken.

In Jones on Evidence, Sec. 895, p. 1669, it is stated:

"Where evidence has been properly received, and its effect has been destroyed by other evidence, or its inadmissibility has afterward become apparent, the party against whom it has been introduced has no absolute right to have it stricken out; he should request the court to charge the jury to disregard such evidence. * * *

"A motion to strike out testimony should specify the objection as well as the portion of the evidence which is objected to. A motion to strike out all of certain evidence should not be sustained if a part of the evidence is relevant and competent."

Where a witness contradicts himself a question of fact is raised for the trier of facts. 45 Tex.Jur. 288, Sec. 350.

I readily agree that the judgment should be affirmed.