Vincent MORTELLARO et al., Appellants,

v.

HOUSING AUTHORITY OF the CITY OF HOUSTON, Appellee.

No. 3548.

Court of Civil Appeals of Texas.

Waco.

Sept. 25, 1958.

Rehearing Denied Oct. 16, 1958.

George W. Eddy, Stanley C. Woods, Houston, for appellants.

DeLange, Hudspeth & Pitman, Houston, for appellee.

McDONALD, Chief Justice.

This is a trespass to try title suit to determine ownership of four lots in the City of Houston. Parties will be referred to as in the Trial Court. The lots in controversy were formerly owned by Guiseppe Mortellaro (now deceased), father of the plaintiffs herein. On 9 December 1940, during the lifetime of Guiseppe Mortellaro, the Houston Housing Authority (defendant herein) filed a condemnation action against Guiseppe Mortellaro to condemn the lots in question. Commissioners in Condemnation were duly appointed, and on 14 December 1940 the Commissioners issued a notice in writing to Guiseppe Mortellaro, notifying him of the time and place of hearing and included a copy of the Houston Housing Authority's petition in condemnation. This notice was personally served on Guiseppe Mortellaro. On 25 December 1940, eight days after such personal service, Mortellaro died leaving a written will, by the terms of which he appointed his surviving wife, Michela Mortellaro, as independent executrix of his estate without bond. The will further left the lots involved herein to the wife Michela for life (without right of alienation except by joinder of the children); and provided that at her death the lots should pass in fee simple to the children (who are plaintiffs in the instant case). On 23 January 1941 Michela Mortellaro filed application for the probate of such will, and on 11 April 1941 the will was admitted to probate, and letters issued appointing Michela as independent executrix of the estate of Guiseppe Mortellaro, deceased. Thereafter on 1 May 1941 the Housing Authority filed an amended petition in which the death of Guiseppe Mortellaro was suggested, and his surviving wife, Michela Mortellaro, individually and as independent executrix of the estate of Guiseppe Mortellaro, was substituted as defendant in lieu of Guiseppe Mortellaro, deceased. On 20 May 1941 the Commissioners made their award of $16,625. On 26 May 1941 Michela Mortellaro, individually and as independent executrix of the estate of Guiseppe Mortellaro, deceased, filed her objections to the award. Thereafter on 24 July 1941 final judgment of the cause on appeal awarded $20,000 as damages to Michela Mortellaro, individually and as independent executrix of the estate of Guiseppe Mortellaro, deceased. Michela Mortellaro, individually and as independent executrix of the estate of Guiseppe Mortellaro, deceased, received and accepted the sum of $20,322.19, none of which was ever returned or tendered to the Houston Housing Authority.

On 30 December 1953 Michela Mortellaro died and no administration was had upon her estate, and no necessity therefor existed. On 19 April 1955, plaintiffs, who are the children of Guiseppe and Michela Mortellaro, deceased, filed this suit in trespass to try title, asserting ownership of the lots in question.

Based on the foregoing undisputed facts, the Trial Court rendered summary judgment for the Houston Housing Authority and decreed that plaintiffs take nothing.

Plaintiffs appeal, contending: (1) Plaintiffs were necessary parties to the condemnation proceedings and since they were given no notice of the condemnation proceedings and were not made parties thereto, the judgment in condemnation is void as to plaintiffs; (2) plaintiffs were necessary parties to the condemnation proceedings and since they were not made parties to the proceedings to condemn their property, the Houston Housing Authority acted in violation of Article 1, Sections 17 and 19 of the Texas Constitution, Vernon's Ann. St., which assures plaintiffs they cannot be deprived of their property without adequate compensation therefor and except by due course of the law.

The crux of plaintiffs' appeal and contentions is, that under the will of Guiseppe Mortellaro, their father, that upon its being admitted to probate, they became vested with the indefeasible fee simple title to the real estate in question, as of 25 December 1940 (the date of their father's death), and that since the Housing Authority did not make them parties to the condemnation, the condemnation is void as to them. Plaintiffs further contend that the Housing Authority could not validly condemn their property merely by making their mother, the widow of Guiseppe Mortellaro, individually and as independent executrix, a party to the proceedings, and not joining plaintiffs therein, as they were the then fee simple title owners of the property sought to be condemned (subject to the life estate of their mother).

An examination of certain applicable statutes is appropriate.

Title 52, Eminent Domain, Article 3264, Procedure.

Sec. 1. Provides that when real estate is desired by the government or a corporation having the right of eminent domain, it shall file a petition in condemnation with the County Judge, describing the land and the purpose for which it is to be used.

Sec. 2. Provides that the County Judge shall appoint three commissioners to assess damages.

Sec. 3. Provides the commissioners shall assess damages fairly and impartially.

Sec. 4. Provides the commissioners shall set a time and place for hearing, etc.

"[Sec.] 5. Notice in writing shall be issued * * * to each of the parties interested, notifying them of the time and place selected for the hearing.

"[Sec.] 6. The notices shall be served upon the parties at least five days before the day set for the hearing * * *.

"[Sec.] 7. When the property sought belongs to the estate of a deceased person or a minor, or other person laboring under disability, and the estate has a legal representative, the notice shall be served upon such representative. * * *"

Article 2080, R.C.S. was in effect at the time of the institution and pendency of the above mentioned condemnation proceedings (now Rule 152, Texas Rules of Civil Procedure, statute unchanged), and provides:

"Where the defendant shall die, upon the suggestion of death being entered of record in open court, or upon petition of the plaintiff, the clerk shall issue a scire facias for the administrator or executor or heir requiring him to appear and defend the suit and upon the return of such service, the suit shall proceed against such administrator or executor or heir."

■ Considering the cited statutes, it is our view that Sec. 5, Art. 3264, supra, requires notice to be sent to all parties in-

terested in the property. Upon the filing of the condemnation suit in 1940 by the Houston Housing Authority, the only person interested in the property was Guiseppe Mortellaro. He was sent a notice. The foregoing statute was therefore complied with. Prior to hearing he died. Article 2080, R.C.S. requires that upon the death of a defendant *"the administrator or executor or heir"* be required to appear and defend the suit and that the suit shall proceed against said administrator, executor, or heir. Sec. 7, Art. 3264, provides that where the property sought belongs to the estate of a deceased person and the estate has a legal representative, the notice shall be served upon such representative. After the death of Guiseppe Mortellaro, Houston Housing Authority made this fact known and thereafter Michela Mortellaro, his widow, was substituted as defendant individually and as independent executor of the will of the deceased. Both Article 2080, R.C.S. and Sec. 7 of Article 3264 were therefore complied with.

Plaintiffs herein contend vigorously that in such situation they were necessary parties to the condemnation proceedings because they had certain interest in the property. Plaintiffs contend that the case of Galveston, H. & S. A. R. Co. v. Blakeney, 73 Tex. 180, 11 S.W. 174, 175, is conclusive in their behalf. In that case the court, in passing on a situation in which the condemning authority *commenced proceedings against land belonging to an estate (after the death of the owner)*, making party defendant the administrator, but not the heirs who held legal title, said: "It would seem that they (the heirs) were not bound unless they were made parties, and that the proceedings were void as to them." We think the foregoing authority is not decisive in the case at bar because, in the case at bar,

the condemnation proceeding was commenced against Guiseppe Mortellaro, the owner, during his lifetime, and he was duly served. The condemnation in the Blakeney case, supra, was commenced *after* the death of the owner and against his administrator only. In the case at bar, after the death of Guiseppe Article 2080 (now Rule 152, T.R.C.P.) and Section 7, Article 3264, were clearly applicable. Since they were fully complied with, plaintiffs' contentions cannot be sustained.

██ It may be that had the condemnation action been originally commenced subsequent to the death of Guiseppe and his executor only had been made party defendant, that plaintiffs' contentions could be upheld, but such was not the situation here. The property was taken by due course of the law of the land; the property belonged to the estate of Guiseppe Mortellaro; his executrix was paid some $20,000 for same. Plaintiffs herein, while perhaps the legal owners of the land in question, were still subject to the administration of the independent executrix. Plaintiffs make no contention that they ever complained of the executrix, or instituted any proceedings whatever against her, or that they have ever tendered back any of the money paid to her in such capacity. They have waited some sixteen years without alleging lack of knowledge as to what transpired at the time, and now seek payment in full for the property taken. It is our view that the Houston Housing Authority's condemnation of the property was valid, that under the circumstances which existed, notice was given to all parties whom the law required be given notice. Plaintiffs' contentions are overruled and the judgment of the Trial Court is affirmed.

HALE, J., not participating.