**Edna W. KRAL et al., Appellants,**

v.

**STATE of Texas, Appellee.**

**No. 7039.**

Court of Civil Appeals of Texas.

Amarillo.

March 27, 1961.

Monning & Monning, Amarillo, for appellants.

A. W. Lair, Canyon, for appellee.

NORTHCUTT, Justice.

The State of Texas, acting by and through the Commissioners' Court of Randall County, Texas, hereinafter referred to as appellee, brought condemnation proceedings against Edna W. Kral and Raymond Weatherly, independent executrix and independent executor of the estate of Nellie Abrahamson, deceased, hereinafter referred to as appellants.

The appellants being dissatisfied with the damages assessed by the Special Commissioners filed their objections to the award of the Commissioners and the case was submitted upon three special issues to a jury in the County Court of Randall County, Texas. Judgment for the amount of damages as found by the jury was entered and from that judgment and orders of the court appellants perfect this appeal.

The condemnation proceedings were commenced after the decease of Nellie

Weatherly Abrahamson, and the proceedings were against the executrix and executor of the estate of Nellie Weatherly Abrahamson but the heirs of Nellie Weatherly Abrahamson were not made parties to the condemnation proceedings. The appellants filed a plea in abatement showing that the heirs of Mrs. Abrahamson owned the property in question as shown by the proceedings pending in the County Court of Randall County in Cause No. 1095 and that they were necessary parties in the condemnation suit. The plea in abatement was overruled by the court and the case proceeded to judgment without the heirs being made parties to the suit. Appellants present this appeal upon twelve points of error.

■ Appellants' point of error five contends the court erred in refusing to strike the testimony of the witness, Gaut, who had testified as to the value of only a portion of the remainder of the property after the taking of the 143 x 165 strip. On direct examination Gaut testified that the value of the property taken was $5,884 and the value of the remainder prior to the time of the taking was $5,866 and the value of the remainder after the taking was $5,178. On cross-examination by appellants, Gaut testified he did not include in his appraisal 165 x 330 feet of the property and he did not appraise that portion of the property in question. Immediately after Gaut testified he did not appraise all the property, appellants moved the court to strike Gaut's testimony as to the value of the property before and after the taking because it was shown he did not appraise all of the property. The court overruled the motion to strike the evidence. The first issue propounded to the jury was as to the value of the property taken. The jury answered $5,884. The second issue asked as to the value of the remaining tract immediately before the taking. This question included the property in question that Gaut testified he did not consider in his appraisal. The jury answered $5,866. The third issue asked the value of the remaining tract immediately after the taking. This included

the property in question that Gaut testified he did not consider in his appraisal. The jury answered $5,178. The jury answered each question as to value exactly as testified to by Gaut. This clearly shows that the strip 165 x 330 of the property in question was never considered. The entire remainder was used for one purpose as a unit. We are of the opinion under this record the court erred in refusing appellants' motion to strike the evidence. City of San Antonio v. Buffalo, et al., 307 S.W. 2d 142 (writ dismissed).

By appellants' sixth point of error it is contended the court erred in overruling their plea in abatement because the devisees under the will of Nellie Weatherly Abrahamson were not made parties to the condemnation proceedings. The executrix and executor under the will of Mrs. Abrahamson were the only parties against whom the condemnation action was against. The appellee alleged that the defendants owned the fee simple title to the property sought to be condemned. The judgment of the court ordered that the State of Texas recover of and from the condemnees the fee simple title to the land condemned so there is no question but what this was a suit against the estate of decedent involving the title to real estate.

Art. 1982 of V.A.T.C.S. provides:

"In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant."

■ It was held in the case of Jones v. Gibbs, 133 Tex. 645, 130 S.W.2d 274 that under the provisions of Art. 1982 the statute was mandatory and by reason of such provision the heirs were necessary parties when the suit against the estate involved the title to real estate. In the case of Mortellaro v. Housing Authority of City of Houston, Tex.Civ.App., 316 S.W.2d 813 (writ refused, N.R.E.) it is shown the difference where condemnation proceedings

are brought against a party who later dies and where suit is brought against the estate of a deceased party. We are of the opinion that the devisees under the will of Mrs. Abrahamson who were her heirs were necessary parties to this suit. We sustain appellants' sixth point of error.

Since we are of the opinion that the case should be reversed because of the points above discussed, we deem it unnecessary to discuss the other assignments of error as they may not ever arise upon another trial. Judgment of the trial court reversed and remanded.