

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,947

### EX PARTE CASEY TYRONE SLEDGE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. 52026-02-B FROM THE 181ST DISTRICT COURT OF POTTER COUNTY

ALCALA, J., filed a dissenting opinion in which COCHRAN, J., joins.

### DISSENTING OPINION

I respectfully dissent from the Court's opinion dismissing the second application of Casey Tyrone Sledge, applicant, for a writ of habeas corpus. At the outset, for purposes of clarity, it is important to observe that two jurisdictional questions are at issue here: The first question is whether this Court has jurisdiction to consider applicant's claim in this subsequent writ and, if we do, the second question is whether the applicant has proven that the trial court lacked jurisdiction to convict him. As to the second question, everyone appears to agree that applicant is correct in his underlying claim that the trial court did not

have jurisdiction to convict and sentence him to prison.[1] But he cannot obtain relief on that claim unless this Court first decides that we have jurisdiction to consider it. The determination regarding this Court's jurisdiction over applicant's subsequent writ, therefore, is the focus of my dispute with the majority opinion. I disagree with the majority opinion's holding that applicant's claim is procedurally barred under Texas Code of Criminal Procedure Article 11.07, Section 4, the statute that contains procedural requirements for consideration of subsequent habeas applications.[2] *See* TEX. CODE CRIM PROC. art. 11.07, § 4(a). I conclude that this Court has jurisdiction to address applicant's subsequent writ because (1) the requirements governing subsequent writs do not apply to a claim that the trial court lacked jurisdiction and, alternatively, (2) if those requirements do apply, that claim raises a constitutional violation that satisfies the procedural requirements so as to permit review. Having determined that this Court has jurisdiction over this subsequent writ, I would grant applicant relief.

---

[1]     This Court grants applicant relief on another, contemporaneously filed habeas application in which he challenges his conviction in trial-court cause number 49550-B. Applicant received both that conviction and the present conviction in the same proceeding at issue, and his sentences are running concurrently. Although his applications in both cause numbers raise the same jurisdictional challenge, the Court grants relief only in cause number 49550-B because it is the first time he has challenged that conviction. Therefore, although his challenge to the trial court's lack of jurisdiction is identical in both cases, this Court denies relief to him only in this case. Unlike the majority opinion, I would grant applicant relief on both of his applications.

[2]     The majority opinion observes that applicant has already challenged this conviction on other grounds in a previous habeas application and has failed to allege new facts or law or a constitutional violation. *See* TEX. CODE CRIM PROC. art. 11.07, § 4(a) (setting forth procedural requirements for subsequent writs and permitting review of only claims that allege either new facts or law or, alternatively, a constitutional violation that resulted in defendant's conviction).

## I. Requirements for Consideration of Subsequent Applications Are Inapplicable To Claims That Trial Court Lacked Jurisdiction

A claim that a trial court lacked jurisdiction is procedurally distinct from all other claims that may be presented in an application for a writ of habeas corpus because it concerns the power of the trial court to take any action at all other than to dismiss the case. As shown below, the Legislature understood this important distinction and intended that the procedural requirements necessary for this Court's consideration of subsequent writs not apply to claims alleging that the trial court lacked jurisdiction over a case.

### A. Trial Court's Lack of Power Makes Conviction Forever a Nullity

A court without jurisdiction lacks power over a case. *See State ex rel. Millsap v. Lozano*, 692 S.W.2d 470, 481-83 (Tex. Crim. App. 1985). Jurisdiction is the source of a court's "power to hear and determine the matter in controversy according to established rules of law, and to carry the sentence or judgment of the court into execution." *Id*. at 481. Jurisdiction "exists by reason of the authority vested in the court by the Constitution and statutes" and "embraces everything in the case and every question arising which can be determined in the case, until it reaches its termination." *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. 1980).

This Court has specifically held that "judgments of conviction in courts without jurisdiction of the defendant are an absolute nullity from their inception." *Hoang v. State,* 872 S.W.2d 694, 699 (Tex. Crim. App. 1993). Such a judgment "is attended by none of the consequences of a valid judgment." *Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App.

2001). It binds no one. *Paul v. Willis*, 69 Tex. 261, 266 (1887). It is "entitled to no respect whatsoever because it does not affect, impair, or create legal rights." *Seidel*, 39 S.W.3d at 225.

Absent jurisdiction to affect legal rights, a court's action is limited to dismissal of a case. *Garcia*, 596 S.W.2d at 528 n.5 (court without jurisdiction "has no authority to render any judgment other than one of dismissal"). Any other judgment it purports to render "is a nullity." *Horan v. Wahrenberger*, 9 Tex. 313, 319 (1852).

**B. Because Trial Court's Actions Are Nullity, Jurisdictional Claims Are Unique**

It is meaningless to compare jurisdictional claims to other types of claims that may be presented in an application for a writ of habeas corpus because the former claims are procedurally distinct. The rationale for this concept was explained in detail by a federal district court in *United States v. Baucum*. 80 F.3d 539, 540-42 (D.C. Cir. 1996), *cert. denied*, 519 U.S. 879 (1996). There, the court held that a claim challenging the constitutionality of a statute involves a forfeitable, non-jurisdictional defect, which is procedurally different from a claim that a trial court lacked "original jurisdiction" over the case. *Id*. at 540-41. *Baucum* observed that "a jurisdictional claim can never be waived" and that, "once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations" because there is no valid law to enforce. *Id*. It concluded, however, that a "belated assertion of a constitutional defect does not work to divest that court of its original jurisdiction to try him for a violation of the law at issue." *Id*. at 541; *see also Karenev v.*

*State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that facial challenge to constitutionality of statute not "jurisdictional" and thus subject to waiver or forfeiture).

This rationale explains why the applicant's claim in *Ex Parte Blue* is procedurally distinguishable from the claim at issue, which challenges the trial court's lack of jurisdiction. 230 S.W.3d 151 (Tex. Crim. App. 2007). In *Blue*, Blue raised a claim that the federal Constitution prohibited the execution of a mentally retarded person. *Id* at 154. This Court held that the procedural requirements necessary for us to consider a subsequent writ applied to that claim. *Id*. at 159. Because *Blue* involved a claim of non-jurisdictional constitutional error, this Court properly held that the claim was subject to forfeiture under the subsequent-writ statute. *Id*. Unlike *Blue*, however, the claim here challenges the trial court's lack of jurisdiction over applicant's conviction and sentence and, as detailed above, that type of claim is not subject to waiver or forfeiture.[3] *See id*. Because constitutional rights may be

---

[3] The distinction between jurisdictional and non-jurisdictional claims has been somewhat obfuscated by the language used to describe and analyze habeas claims at common law. Although our case law historically has discussed habeas claims as challenging "void" judgments, the generic term "void" has different implications depending on whether it applies to jurisdictional challenges or non-jurisdictional challenges. On the one hand, a judgment rendered by a court wholly lacking jurisdiction is "void" and, as discussed, is "an absolute nullity from [its] inception." *Hoang v. State,* 872 S.W.2d 694, 699 (Tex. Crim. App. 1993); *see also Gallagher v. State*, 690 S.W.2d 587, 589 n.1 (Tex. Crim. App. 1985). On the other hand, even when a court initially had jurisdiction over an action, we have labeled a judgment rendered by that court "void" if it arose from a fundamental or constitutional defect. *See Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967) ("A judgment of conviction obtained in violation of due process of law is void for want of jurisdiction of the court to enter such judgment."); *Ex parte Ross*, 522 S.W.2d 214, 223 (Tex. Crim. App. 1975) (ineffective assistance of counsel rendered judgment "void" so as to permit review on habeas). Such a judgment, however, is not a nullity from its inception; it is "void" only insofar as it is subject to collateral review. *See Young*, 418 S.W.2d at 826; *Ross*, 522 S.W.2d at 223. As the Supreme Court has observed, "This is not to say that a state criminal judgment resting on a constitutional error is void for all purposes," only for the purposes of affording a defendant confined on such a judgment

waived or forfeited by a defendant's action or inaction, a claim asserting a constitutional right is procedurally distinct from a claim asserting that the trial court lacked jurisdiction, and, therefore, reliance on precedent that applies rules of procedural default to a constitutional right is misplaced.

### C. The Legislature Did Not Intend to Procedurally Default Jurisdictional Claims

For two reasons, I conclude that the Legislature did not intend to require a subsequent writ raising a jurisdictional claim to meet the procedural requirements to qualify for this Court's review. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4(a). I reach this conclusion by (1) examining the plain language of the statute to determine the intent of the Legislature and (2) examining the common-law history of habeas and the context in which the statute was enacted. *See Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991) (courts should apply plain language unless that would lead to absurd consequences that Legislature could not possibly have intended, which would then permit review of extratextual factors).

First, the plain language of the statute expressly applies to a post-conviction habeas application filed after a final felony conviction. *See* TEX. CODE CRIM PROC. art. 11.07, § 3(a). ("After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas."). Here, however, no final conviction exists.

---

the fullest opportunity for plenary judicial review. *Fay v. Noia*, 372 U.S. 391, 424 (1963). The labeling of judgments stemming from non-jurisdictional errors as "void" for purposes of habeas review (ostensibly to bring those claims within the traditional habeas jurisprudential framework) has generated ongoing confusion about the concept of voidness. Although many different habeas claims characterize judicial actions as "void," it is critical to avoid conflating actions that are a nullity from their inception with actions that merely suffer a non-jurisdictional defect.

"[A] judgment will never be considered final if the court lacked subject-matter jurisdiction." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000). It is well-settled law that a legal action by a court without jurisdiction is a nullity. *See Horan*, 9 Tex. at 319; *Seidel*, 39 S.W.3d at 225. This Court has recognized that no legal consequences can result from a court with no power to act and that an action is a nullity even when a court has not yet declared it to be a nullity. *See Hoang*, 872 S.W.2d at 699 (holding that judgments that are nullity from inception do not bar successive prosecutions under double jeopardy "even though such judgments have not been formally vacated by a court of competent jurisdiction"); *see also Chambers v. Hodges*, 23 Tex. 104, 110 (1859) (appellate affirmance of judgment rendered without jurisdiction would itself be a nullity "by reason of the nullity of the judgment appealed from").[4] Because an action that is a nullity is always that—even when a court has not yet declared it to be a nullity—the plain language of the statute that prescribes the requirements for subsequent writs that follow a "final conviction" is inapplicable to this case.[5]

---

[4]  This Court has held that a defendant may waive a direct-appeal jurisdictional challenge to the validity of the transfer of an action from juvenile to district court. *Rushing v. State*, 85 S.W.3d 283, 286 (Tex. Crim. App. 2002). In *Rushing v. State*, the Court reasoned that the Legislature could limit the right of appeal because it could withhold that right entirely. *Id.* at 285 ("[T]he right to appeal is not of constitutional magnitude, but is derived entirely from statute."). By contrast, the Legislature may not withhold the right of habeas corpus. TEX. CONST. Art. I, § 12 ("The writ of habeas corpus is a writ of right, and shall never be suspended.").

[5]  It appears that the Legislature intended for challenges to the trial court's lack of jurisdiction to proceed as they did under the common law. For centuries, habeas review was limited almost exclusively to challenges to a court's jurisdiction. *See, e.g., Wright v. West*, 505 U.S. 277, 285 (1992) ("For much of our history . . . a prisoner seeking a writ of habeas corpus could challenge only the jurisdiction of the court that rendered the judgment under which he was in custody."). By

Second, it would be absurd to conclude that, in enacting the statute, the Legislature intended to permit the continued incarceration of a person on the basis of a null conviction that was rendered by a court with no power over the case. We presume that the Legislature understands applicable legal concepts when it enacts legislation. *See Miller v. State*, 33 S.W.3d 257, 260 (Tex. Crim. App. 2000) (in construing a statute, "it is presumed that the legislature is aware of case law affecting or relating to the statute"). The Legislature, therefore, understood that a court's power to act could never be affected by a party's consent, action, or inaction, and, therefore, could not have intended for procedural default to preclude a claim alleging that a trial court lacked jurisdiction. A court that lacks jurisdiction may not acquire it by a defendant's action or inaction or by subsequent judicial action. *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (jurisdiction not optional with parties and cannot be waived by consent); *Wynns v. Underwood*, 1 Tex. 48, 49 (1846) ("[C]onsent . . . cannot give jurisdiction."). Implementation of this requirement is not optional and is "independent of the litigants' wishes." *Marin*, 851 S.W.2d at 279. Neither his inaction (e.g.,

_____

contrast, the enactment of the habeas statute occurred to address the expansion of writs other than jurisdictional claims. In recent decades, courts have recognized certain non-jurisdictional claims as cognizable on habeas, namely, "denials of fundamental or constitutional rights." *Ex parte Shields*, 550 S.W.2d 670, 675 (Tex. Crim. App. 1976); *see also Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973) (explaining that, although originally limited to determining whether court possessed jurisdiction, "over the years, the writ of habeas corpus evolved as a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law"); *Ex parte Graves*, 70 S.W.3d 103, 107-09 (Tex. Crim. App. 2002) (detailing evolution and expansion of habeas review). Today, habeas applicants may seek review of a myriad of errors, both jurisdictional and non-jurisdictional. The scope of claims cognizable on habeas has expanded considerably since the origins of that remedy. I conclude that the purpose of the habeas statute was to limit subsequent writs to regulate the influx of applications raising claims that were only recently cognizable rather than to limit the traditional common-law claim that the trial court lacked jurisdiction over the case.

failure to challenge jurisdiction) nor action (e.g., challenging the conviction on other grounds) is of consequence. *See id.* Neither can transform a judgment that is a nullity into one that is not. *See Chambers*, 23 Tex. at 104; *Hoang*, 872 S.W.2d at 699. Because the Legislature understood that procedural-default rules do not apply to jurisdictional claims, it could not have rationally intended to limit subsequent writs that allege that a trial court lacked jurisdiction over a case through the inapplicable concept of procedural default.

The record conclusively shows that the trial court lacked jurisdiction over this cause.[6] Although this is a subsequent writ, a judgment that is a nullity for lack of jurisdiction "may always be collaterally attacked." *Seidel*, 39 S.W.3d at 224 (citing *Hoang,* 872 S.W.2d at 698). I, therefore, would construe this application as one seeking a writ of habeas corpus under the common law or permit the amendment of this application to include this ground and grant relief.

---

[6] After applicant's community-supervision period had expired, the court (1) issued a capias for applicant's arrest; (2) found the allegations in the State's motion to adjudicate true; (3) convicted applicant; and (4) sentenced him to five years in prison. *See* TEX. CODE CRIM PROC. art. 42.12, § 5(h) (providing that trial court retains jurisdiction over community-supervision proceedings and may adjudicate guilt after the community-supervision period has expired only "if before the expiration the attorney representing the state files a motion to revoke, continue, or modify community supervision and a capias is issued for the arrest of the defendant."). Applicant, therefore, is in prison on a judgment rendered by a court that has no jurisdiction over this case, which is the basis of his complaint in the present application. *See Ex parte Sandoval*, 318 S.W.2d 64, 65-66 (Tex. Crim. App. 1958) (granting relief because "there was no criminal case against relator pending in [that court] when the order for support was entered and that court was without jurisdiction to enter the support order" under any law).

## II. Alternatively, Applicant's Claim Meets Requirements for Subsequent Writs

I, alternatively, conclude that, even if the subsequent-writ statute applies to jurisdictional claims, applicant is entitled to relief because he has satisfied one of the statutorily enumerated exceptions. The statute permits a court to consider the merits of a subsequent application if it contains facts establishing that, "by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt." TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(2). Applicant has alleged facts that satisfy this criteria.

Applicant's application and the record reveal that the trial court adjudicated his guilt without having jurisdiction over the proceedings. A defendant is "denied due process of law and due course of the law when the district court" acts without jurisdiction. *Ex parte Birdwell*, 7 S.W.3d 160, 162 (Tex. Crim. App. 1999); *see also* U.S. CONST. amend. XIV, § 1; *Frank v. Mangum*, 237 U.S. 309, 326 (1915) (due process requires that a criminal prosecution be "before a court of competent jurisdiction"). But for this constitutional violation—namely, the commencement of criminal proceedings by a court without

jurisdiction—the trial court, as factfinder, could not have found applicant guilty. *See Blue*, 230 S.W.3d at 161;[7] *see also Ex parte Knipp*, 236 S.W.3d 214, 217 (Tex. Crim. App. 2007) (permitting review of applicant's subsequent application raising double-jeopardy constitutional claim under Texas Code of Criminal Procedure Article 11.07, Section 4(a)(2)).

I would, alternatively, hold that a habeas applicant alleging, in a subsequent writ, that the trial court lacked jurisdiction to render a judgment satisfies Section 4(a)(2) if he demonstrates by a preponderance of the evidence that no rational factfinder could find facts sufficient to support that the trial court had jurisdiction over the proceedings. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(2). Because applicant has done this, he is entitled to relief.

Alcala, J.

Filed: January 16, 2013

Publish

---

[7] The statute refers to a "juror" as the adjudicator of guilt. *See* TEX. CODE CRIM PROC. art. 11.07, § 4(a). Here, applicant's revocation of his deferred-adjudication community supervision and conviction was by the court. However, no rational juror could have found him guilty under the terms of his plea-bargain agreement because the agreement provided that he would receive no finding of guilt under his deferred adjudication. In this respect, the present case is analogous to *Ex parte Blue*. 230 S.W.3d 151 (Tex. Crim. App. 2007). Although we held that Blue's subsequent habeas application was subject to statutory procedural requirements, we concluded that his *Atkins* claim met the third statutory exception, which, in relevant part, mirrors the language of the statutory exception applicable here. *Id*. at 161. (citing TEX. CODE CRIM. PROC. art. 11.071, § 5(a)(3)). We explained that sufficient evidence that an applicant was mentally retarded would meet this exception "if only for the simple reason that the statutory [death-penalty] special issues would not be submitted to the jurors in the first place." *Id*. In other words, given the absolute constitutional prohibition against executing a mentally retarded offender, once it is demonstrated that an offender was mentally retarded, no jury would ever be confronted with the special issues. *Id*. The same rationale applies to this case. No jury would ever be confronted with applicant's guilt because the plea-bargain agreement limited the trial court's determination to a withheld finding of his guilt.