**Opinion filed December 15, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00305-CR

_____

### KEITH ELLIOT WOOD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 20161B**

## M E M O R A N D U M   O P I N I O N

Keith Elliot Wood filed an untimely pro se notice of appeal from a conviction for the offense of possession of methamphetamine. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on July 22, 2016, and that his notice of appeal was filed in the district clerk's office on October 19, 2016. When the appeal was filed in this court, we notified Wood and his trial counsel that the notice of appeal appeared to be untimely

and that the appeal may be dismissed for want of jurisdiction. We requested that Appellant respond to our letter and show grounds to continue. After the notice of appeal was filed, the trial court permitted trial counsel to withdraw and appointed new counsel to represent Appellant on appeal.

Appellant has responded to our jurisdictional inquiry. He acknowledges that neither a motion for new trial nor a notice of appeal was timely filed, but he indicates that he timely requested that his trial counsel pursue a new trial or an appeal. Appellant suggests that he did not have counsel during the time in which to timely file a motion for new trial or a notice of appeal, and he asks that we either abate the appeal and extend the deadlines for the motion for new trial and the notice of appeal or abate the appeal and remand for a hearing to determine whether Appellant had effective counsel during the time in which to perfect his appeal.

Pursuant to TEX. R. APP. P. 26.2(a), a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant did not file a motion for new trial and that his notice of appeal was not filed with the clerk of the trial court until eighty-nine days after sentence was imposed. The notice of appeal was, therefore, untimely. Furthermore, Appellant did not file a timely motion for extension. *See* TEX. R. APP. P. 26.3(b). Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain the appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

2

We are not authorized to grant the relief requested by Appellant in his response.  Article 11.07 of the Texas Code of Criminal Procedure vests complete jurisdiction over postconviction relief from final felony convictions in the Texas Court of Criminal Appeals.  TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).  The Court of Criminal Appeals is the only court with jurisdiction to consider a motion for an out-of-time appeal.  *See Ater*, 802 S.W.2d at 243.  The appropriate vehicle for Appellant to seek an out-of-time appeal is for him to pursue a writ of habeas corpus from the Court of Criminal Appeals pursuant to Article 11.07.

This appeal is dismissed for want of jurisdiction.


PER CURIAM


December 15, 2016

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3