**Opinion filed January 6, 2017**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00351-CR

_____

## ANGELITA FERNANDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**

**Mitchell County, Texas**

**Trial Court Cause No. 7560**

### M E M O R A N D U M   O P I N I O N

Angelita Fernandez has filed an untimely notice of appeal from a conviction for the third-degree felony offense of "prohibited item in a correctional facility." We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on June 8, 2016, and that her notice of appeal was filed in the district clerk's office on December 9, 2016, six months after Appellant was sentenced. Pursuant to

TEX. R. APP. P. 26.2(a), a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant timely filed a motion for new trial but that she did not file her notice of appeal until 184 days after her sentence was imposed. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed for want of jurisdiction. We requested that Appellant respond to our letter and show grounds to continue.

Appellant promptly responded by filing a sworn statement in support of an out-of-time appeal. In the statement, Appellant indicates that she received ineffective assistance from her court-appointed trial counsel who filed the motion for new trial but failed to file a motion to withdraw or a notice of appeal despite trial counsel's knowledge that, at the time of sentencing, the trial court granted Appellant an appeal bond.

We have considered Appellant's response; however, we are without authority to proceed with this appeal. Neither the trial court nor this court has jurisdiction to grant an out-of-time appeal. Article 11.07 of the Texas Code of Criminal Procedure vests complete jurisdiction over postconviction relief from final felony convictions

2

in the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). The Court of Criminal Appeals is the only court with jurisdiction to consider a motion for an out-of-time appeal. *See Ater*, 802 S.W.2d at 243. The appropriate vehicle for Appellant to seek an out-of-time appeal is for her to pursue a writ of habeas corpus from the Court of Criminal Appeals pursuant to Article 11.07.

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

January 6, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.