Ex Parte Luan Van HOANG, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 726–91, 727–91 and 728–91.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 27, 1993.

Bruce Anton, Dallas, for appellant.

John Vance, Dist. Atty., and Sharon Batjer, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge.

Appellant was convicted by a jury in cause number F86–72226 before the 283rd District Court of Dallas County for robbing Cau Dong Tran at gunpoint on January 1, 1986. His punishment was assessed at imprisonment for 38 years. Pursuant to a plea bargain with the prosecuting authorities, he then pled guilty in cause numbers F86–98455, F86–98456, and F86–74793, also before the 283rd District Court of Dallas County, to three other aggravated robberies committed in early 1986, and was sentenced to confinement in the penitentiary for a period of 10 years each.[1]

---

1. The terms of this agreement are reflected in three documents filed with the trial court, each entitled "Plea Bargain Agreement" and signed by appellant, his attorney, and an assistant district attorney. In exchange for appellant's pleas of guilty to the offenses alleged, the State agreed to recommend that punishment be assessed at unprobated confinement in the penitentiary for a period of ten years, to be served concurrently with other sentences pronounced against appellant in Dallas County, and to move for dismissal of the indictments in two other cases.

After the passage of some four years, during which appellant continuously served concurrent sentences on his several offenses, he applied to this Court for a writ of habeas corpus, alleging that his confinement in cause number F86–72226 was illegal because he was under 17 years of age when he committed the offense and had not been certified for trial as an adult. We concluded that, because the juvenile court had not relinquished its exclusive jurisdiction of him, the criminal courts indeed lacked authority to try him. Accordingly, we ordered that his conviction for aggravated robbery in cause number F86–72226 be set aside. *Ex parte Michael Nguyen,* 784 S.W.2d 934 (Tex.Crim.App. 1990) (unpublished).[2]

The State then petitioned the juvenile court to waive its jurisdiction of appellant, not only in cause number F86–72226, but also in cause numbers F86–98455, F86–98456, and F86–74793 so that he could at last lawfully be tried as an adult on all four aggravated robbery offenses allegedly committed by him in 1986. Following a full adversary hearing, the juvenile court determined that the welfare of the community required criminal proceedings against appellant, and it ordered jurisdiction of him transferred to the district court. *See* Tex.Fam.Code Ann. § 54.02 (West Supp.1993); Tex.Penal Code Ann. § 8.07 (West 1993). Appellant perfected appeal from this judgment to the Fifth Court of Appeals in Dallas.

Soon thereafter, the State reindicted appellant for the same four aggravated robberies in cause numbers F90–03377, F90–03378, F90–03379, and F90–03380, this time before the 292nd District Court of Dallas County. A few weeks later, appellant filed an application for writ of habeas corpus in the district court, contending that prosecution of these cases is barred by the Double Jeopardy Clauses of the Sixth Amendment to the United States Constitution and article I, section 14 of the Texas Constitution, that it compromises his plea bargain with the State of Texas in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and of the Due Course of Law Clause in article I, section 19 of the Texas Constitution, that the State lacks standing under chapter 11 of the Code of Criminal Procedure to collaterally attack the prior final convictions in cause numbers F86–98455, F86–98456, and F86–74793, and that prosecution may not lawfully proceed until final disposition of appellant's pending appeal from the juvenile court's certification order.

After a hearing at which the evidence was stipulated by both parties, the 292nd District Court denied relief, holding that prosecution of appellant may proceed in cause numbers F90–03377, F90–03378, F90–03379, and F90–03380 because the prior judgments of conviction in cause numbers F86–72226, F86–98455, F86–98456, and F86–74793, which allege the same offenses, are void, and because the appeal of an order transferring a juvenile for criminal prosecution does not deprive the district court of jurisdiction to adjudicate the case.

The Dallas Court of Appeals affirmed this judgment as to cause number F90–03377 in an unpublished opinion from which no petition for discretionary review was sought. *Hoang v. State,* 05–90–01571–CR (Tex. App.—Dallas April 23, 1991).[3] As to cause numbers F90–03378, F90–03379, and F90–03380, the Dallas Court affirmed in a separate opinion, overruling appellant's contentions that prosecution of these three cases would violate double jeopardy prohibitions of the State and federal constitutions, an earlier plea agreement with prosecuting authorities, and statutory limitations on the manner in which final convictions may be collaterally attacked. *Hoang v. State,* 810 S.W.2d 6 (Tex.App.—Dallas 1991). We granted appellant's petition for discretionary review to decide whether a void conviction bars successive prosecution for the same offense even

---

2. The parties agree and the record reflects that Michael Nyugen and Luan Van Hoang are the same person.

3. In any case, a final judgment in the Dallas Court of Appeals, affirming the juvenile court's decision to relinquish jurisdiction of appellant, now renders moot the contention that reprosecution is improper because the certification order is still pending appellate review. *Hoang v. State,* No. 05–90–01189–CV (Tex.App.—Dallas Sept. 27, 1991) (unpublished) *writ ref'd.*

though it has not been set aside by a court of competent jurisdiction and the accused continues to suffer restraint on account of it.

The issue here devolves into a puzzling question about the difference between voidness and voidability. Appellant maintains that the trial court's legal conclusion, holding his prior convictions in cause numbers F86–98455, F86–98456, and F86–74793 to be void, does not escape either the double jeopardy bar to successive prosecution in cause numbers F90–03378, F90–03379, and F90–03380 or the due process and due course of law requirements that plea bargains in those cases be honored. Specifically, he contends that the trial court lacks authority to set aside the prior convictions, that the State may not in any case petition to have them set aside, and that even void convictions are an effective bar to reprosecution until they have actually been set aside.

■ Of course, we agree with appellant that this Court alone among the courts of Texas has authority to release from confinement persons who have been finally convicted of felonies in this State. Tex.Code Crim. Proc. art. 11.07, § 3 (West 1977); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex.Crim.App. 1985). And it is clear from the record that appellant's convictions for aggravated robbery in cause numbers F90–03378, F90–03379, and F90–03380 are final felony convictions.[4] It is also clear that appellant is presently confined on account of those convictions. *See* Tex.Code Crim.Proc. art. 11.21; *Ex parte Renier*, 734 S.W.2d 349 (Tex.Crim. App.1987). Not only did he serve a number of years in actual custody, but continues under supervision of the Criminal Justice Department, Institutional Division, as a parolee on strictly conditional release from the penitentiary. Our precedents make it clear that persons situated in this way are, indeed, confined for purposes of article 11.07. *Ex parte Elliott*, 746 S.W.2d 762, 763 n. 1 (Tex. Crim.App.1988).

■ It follows that the judgment of the trial court refusing to bar prosecution of

cause numbers F90–03378, F90–03379, and F90–03380 can be "of no force and effect in discharging" appellant from the confinement to which he is now subjected on account of his final convictions in cause numbers F86–98455, F86–98456, and F86–74793. Art. 11.-07, § 3; *Ex parte Friday*, 545 S.W.2d 182, 183 (Tex.Crim.App.1977). In other words, the Institutional Division is not obliged to discharge him as a result of such order. Appellant is, therefore, quite right to insist that the trial court's judgment is not tantamount to an order setting aside his prior convictions.

■ But the fact that a judgment's validity is questioned in a legal proceeding does not mean that it is under attack. Neither does it mean that a finding of invalidity necessarily operates to set it aside. Where, as in the present context, for example, it is impossible to dispose of issues before a habeas court without its passing upon the validity of a prior judgment, the court does not lack authority to determine whether the prior judgment is void just because it has no authority to vacate that judgment or because the convicted party opposes such a determination.

■ Indeed, a claim of former jeopardy necessarily puts in issue the validity of prior convictions relied upon to bar successive prosecution and should be sustained only if it appears that a valid judgment of conviction was previously entered in a prosecution for the same offense. In the absence of evidence to the contrary, prior convictions are simply presumed to be valid. *See Breazeale v. State*, 683 S.W.2d 446, 450–51 (Tex.Crim.App. 1984) (opinion on rehearing). But here, the judgments upon which appellant relies to bar successive prosecution were not valid in fact because he was never certified by the juvenile court for trial as an adult. *Ex parte Hunt*, 614 S.W.2d 426, 427 (Tex.Crim.App. 1981). Certainly, the conclusion of the habeas court to this effect is well supported by the evidence.

■ Based upon the record before us, therefore, we agree that the judgments of

---

4. By "final" we do not, of course, mean that these convictions are valid, but only that they are not probated and no longer subject to direct

attack. *Ex parte Brown*, 662 S.W.2d 3, 4 (Tex. Crim.App.1983).

conviction in cause numbers F86–98455, F86–98456, and F86–74793, on account of which appellant is presently confined on parole, are void inasmuch as the trial court rendering judgment lacked jurisdiction of the person of appellant. *Ex parte Redmond,* 605 S.W.2d 600, 601 (Tex.Crim.App.1980). And, it has long been the position of this Court that a void judgment of conviction does not bar a successive prosecution for the same offense under State or federal principles of double jeopardy.[3] *Foster v. State,* 635 S.W.2d 710 (Tex.Crim.App.1982) (opinion on rehearing); *Thompson v. State,* 527 S.W.2d 888 (Tex. Crim.App.1975); *Ward v. State,* 520 S.W.2d 395, 397–98 (Tex.Crim.App.1975); *Benard v. State,* 481 S.W.2d 427, 430 (Tex.Crim.App. 1972) (opinion on rehearing). *See also Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). Because a void conviction need not be respected, even absent an order setting it aside, the trial judge in the instant cause was free simply to ignore it and, therefore, to find that it did not bar reprosecution of appellant, even though it had not yet been set aside by a court of competent jurisdiction and could not in any event be set aside by him. *Ex parte Spaulding,* 687 S.W.2d 741, 745 (Tex.Crim.App. 1985). *See generally* 47 Tex.Jur.3d *Judgments* §§ 69–71 (1986).

 As for appellant's agreement to plead guilty in exchange for a recommendation from the prosecutor as to punishment, we likewise find no constitutional violation in the State's reindictment of him. While we accept that the voluntariness of his guilty pleas was necessarily dependent upon the State's agreement to urge a certain punishment, *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), and that our practice has been specifically to enforce such agreements whenever possible, *Perkins v. Court of Appeals,* 738 S.W.2d 276, 283–84 (Tex.Crim.App.1987), we do not interpret the State's reindictment of appellant as a violation of its plea agreement. Surely if, as appellant insists, it was implicit in the State's bargain with him that he not be prosecuted twice, it must also have been implicit in his bargain with the State that he be successfully prosecuted at least once. And because that result has not yet been accomplished, we perceive no breach of the State's plea agreement with him merely in the fact that he has been reindicted.[6] The State as well as the appellant is entitled to the benefit of its bargain. *See Ricketts v. Adamson,* 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987); *Shannon v. State,* 708 S.W.2d 850, 851 (Tex.Crim. App.1986).

 We, of course, imply no decision on the merits of related questions, such as potential claims of credit for periods of confinement pursuant to a void judgment, brought about by failed attempts to comply with a plea agreement. *Cf. Jones v. Thomas,* 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989). Clearly, the Double Jeopardy Clause forbids multiple punishment under some circumstances where successive prosecution is not forbidden. *See Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Cervantes v. State,* 815 S.W.2d 569 (Tex.Crim.App.1991) *cert. denied* ── U.S. ──, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992). Nor do we mean to suggest that appellant's plea bargain with the State is now necessarily unenforceable in light of his reindictment. *See Perkins,* 738 S.W.2d at 283–84. *Compare, e.g., Ex parte Austin,* 746 S.W.2d 226 (Tex.Crim.App.1988); *Ex parte Huerta,* 692 S.W.2d 681 (Tex.Crim.App.1985). Whether he is entitled to the same punishment recommendation if he pleads guilty in cause numbers F90–03378, F90–03379, and F90–03380 as he was entitled to for pleading guilty in cause numbers F86–98455, F86–98456, and

---

**5.** The same may not be said with such confidence about void judgments of acquittal. *See Benton v. Maryland,* 395 U.S. 784, 796–97, 89 S.Ct. 2056, 2064, 23 L.Ed.2d 707 (1969); *Ball v. United States,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). But that is not the case here.

**6.** We do not mean to suggest by this that appellant's plea bargain with the State remains a merely executory contract, not implicating considerations of Due Process, as in *Mabry v. Johnson,* 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). Clearly, appellant's own effort to perform his part of the agreement in this case has actually resulted in a substantial loss of his liberty which cannot under any circumstances ever be restored to him.

F86–74793 is a question which need not be answered in the instant cause.[7]

The only question properly presented for our consideration is whether the appellant may be prosecuted a second time, not whether he has been assessed multiple punishment for the same offense or is still entitled to the benefit of an earlier plea bargain. His contention that reprosecution will necessarily lead to multiple punishment in violation of the Double Jeopardy Clause or a breach of his plea bargain in violation of the Due Process and Due Course of Law Clauses is, therefore, unpersuasive, since we are not willing to assume in advance of trial that appellant, even if he is convicted again, will be assessed punishment in violation of the United States or Texas Constitution. Certainly greater or additional punishment is by no means a necessary consequence of the fact that he has been reindicted or that he may be retried. Accordingly, to the extent that his petition for habeas corpus complains of multiple or additional punishment in violation of constitutional prohibitions against double jeopardy, due process, and due course of law, it is premature.[8]

Because our law is settled that judgments of conviction in courts without jurisdiction of the defendant are an absolute nullity from their inception, we hold that such judgments do not bar successive prosecution under State or federal principles of double jeopardy. It follows that appellant may be prosecuted and convicted again for the same offenses upon which prior void judgments of conviction were rendered against him, even though such judgments have not been formally vacated by a court of competent jurisdiction. This necessarily means that the record of appellant's criminal history may continue to reflect multiple convictions for the same offenses unless he applies for a writ of habeas corpus to set aside, and succeeds in setting aside, the judgments of conviction which are void.[9] As there are no time restrictions on a lawsuit of this kind, appellant may apply for the writ any time he feels the burden of multiple convictions is more than he can bear.

The judgment of the Court of Appeals is affirmed.

---

7. The Court of Appeals held that "[b]ecause the trial court lacked jurisdiction, ... [t]here is neither a plea bargain to enforce nor a plea to withdraw." *Hoang*, 810 S.W.2d at 9. Our own disposition does not depend upon this proposition of law, and we neither endorse nor denounce it here. *But see Gibson v. State*, 803 S.W.2d 316 (Tex.Crim.App.1991).

8. Appellant invites us to examine a number of old cases which, he maintains, stand for the proposition that successive prosecution is barred by a prior judgment of conviction for the same offense, even if it was void, so long as the accused actually suffered his full punishment on account of it. We have studied these cases and do find expression in them of a rule like that for which appellant contends, although it is often uncertain whether the judgments at issue were truly void or merely voidable. *See Lutz v. State*, 146 Tex.Crim. 503, 176 S.W.2d 317 (Tex.Crim. App.1944); *Corbett v. State*, 63 Tex.Crim.R. 478, 140 S.W. 342 (1911); *Davis v. State*, 37 Tex. Crim.R. 359, 39 S.W. 937 (1897). But it is usually clear from context that the essential concern in these cases was not really successive prosecution but multiple punishment. In any event, they have no contemporary progeny, and we think it sufficient to note, without tracing their historical demise, that they would be plainly at odds with current controlling case law if interpreted in the way appellant urges. Moreover, appellant, who has not yet fully discharged his punishment, doesn't contend and the record will not support a conclusion that he is now suffering or will necessarily suffer multiple punishment for the same offense as a result of the criminal proceedings which he here seeks to bar. Accordingly, his present confinement is not unlawful on this basis.

9. Our statutes governing the writ of habeas corpus provide that "any person" may petition for the writ on behalf of someone unlawfully restrained of his liberty. Tex.Code Crim.Proc.Ann. art. 11.13 (West 1977). Moreover, a declaration of voidness is not optional with the convicted party, such that others lack standing raise it. The very notion of voidness necessarily implies that validity of the judgment is not dependant upon the wishes of those persons affected by it.