Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





DOUGLAS WAYNE JENKINS,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-07-00153-CR



Appeal from


 112th District Court


of Pecos County, Texas


(TC # 1692)





MEMORANDUM OPINION



 Douglas Wayne Jenkins, pro se, attempts to appeal from the denial of a motion to vacate his
1991 felony conviction for injury to a child. On February 25, 1991, Appellant waived his right to a
jury trial and entered a negotiated plea of guilty to injury to a child. The trial court assessed
punishment in accordance with the plea bargain at imprisonment for a term of forty-five years. 
Appellant did not appeal his conviction and it became final. In 2006, Appellant filed a motion to
vacate the judgment of conviction and sentence pursuant to the Federal Rules of Civil Procedure, and
he alleged that the indictment was fatally flawed and the punishment imposed did not conform to the
punishment proscribed by the Penal Code. The trial court denied the motion by written order on May
16, 2007. Appellant filed his notice of appeal to this Court on June 1, 2007.


 By his motion to vacate his conviction and sentence, Appellant is attempting to challenge his
final felony conviction. Article 11.07 of the Code of Criminal Procedure provides the exclusive
means for challenging a final felony conviction. Board of Pardons & Paroles ex rel. Keene v. Court
of Appeals, 910 S.W.2d 481, 483 (Tex.Crim.App. 1995)(orig. proceeding). Further, jurisdiction to
grant post-conviction habeas corpus relief on a final felony conviction rests exclusively with the Court
of Criminal Appeals. Ex parte Hoang v. State, 872 S.W.2d 694 (Tex.Crim.App. 1993). We
therefore dismiss the appeal for want of jurisdiction. 



October 11, 2007 
 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)