

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-352-CV

IN RE RONALD ROY GRAY                                          RELATOR

------------

### ORIGINAL PROCEEDING

------------

### MEMORANDUM OPINION[1]

------------

The court has considered relator's petition for writ of mandamus and is

of the opinion that relief should be denied.[2]  Accordingly, relator's petition for

---

[1] ▲ *See* Tex. R. App. P. 47.4.

[2] ▲ On March 31, 2008, relator filed an application for writ of habeas corpus.  The court of criminal appeals denied relator's application on May 7, 2008 without a written opinion.  On June 18, 2009, relator filed a subsequent application for writ of habeas corpus.  On July 15, 2009, the court of criminal appeals dismissed relator's subsequent application for writ of habeas corpus, citing section 4 of article 11.07.  *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 4 (Vernon Supp. 2009).  Article 11.07 provides the exclusive means for an incarcerated individual to challenge a final felony conviction in non-death penalty cases.  *See id*., § 5.  Jurisdiction to grant post-conviction habeas corpus relief from a final felony conviction rests exclusively with the court of criminal appeals.  *See Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding)("Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals. Should an applicant find it necessary to complain about an action or inaction of

writ of mandamus is denied.


PER CURIAM


PANEL:  LIVINGSTON, MCCOY, and MEIER, JJ.

DELIVERED:  October 29, 2009

---

the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." (citing Tex. Const. art. V, § 5)); *see also* Tex. Code Crim. Proc. Ann. art. 11.07, § 5 ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner.").