COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

                                        NO. 2-09-352-CV

 

IN RE RONALD ROY GRAY                                                       RELATOR

 

                                              ------------

                                    ORIGINAL
PROCEEDING

                                              ------------

                                MEMORANDUM
OPINION[1]

                                              ------------








The
court has considered relator=s
petition for writ of mandamus and is of the opinion that relief should be denied.[2]  Accordingly, relator=s
petition for writ of mandamus is denied.

 

PER CURIAM

 

 

PANEL: 
LIVINGSTON, MCCOY, and MEIER, JJ.

 

DELIVERED: 
October 29, 2009











     [1]See
Tex. R. App. P. 47.4.





     [2]On
March 31, 2008, relator filed an application for writ of habeas corpus.  The court of criminal appeals denied relator=s application on May 7,
2008 without a written opinion.  On June
18, 2009, relator filed a subsequent application for writ of habeas
corpus.  On July 15, 2009, the court of
criminal appeals dismissed relator=s subsequent application for writ of habeas
corpus, citing section 4 of article 11.07. 
See Tex. Code Crim. Proc. Ann. art. 11.07, ' 4 (Vernon Supp.
2009).  Article 11.07 provides the
exclusive means for an  incarcerated
individual to challenge a final felony conviction in non-death penalty cases.  See id., ' 5.  Jurisdiction to grant post-conviction habeas
corpus relief from a final felony conviction rests exclusively with the court
of criminal appeals.  See Bd. of
Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,
910 S.W.2d 481, 483 (Tex. Crim. App. 1995); Hoang v. State, 872 S.W.2d
694, 697 (Tex. Crim. App. 1993); In re McAfee, 53 S.W.3d 715, 718 (Tex.
App.CHouston [1st Dist.] 2001,
orig. proceeding)(AArticle 11.07 contains no
role for the courts of appeals; the only courts referred to are the convicting
court and the Court of Criminal Appeals. 
Should an applicant find it necessary to complain about an action or inaction
of the convicting court, the applicant may seek mandamus relief from the Court
of Criminal Appeals.@ (citing Tex. Const.
art.  V, ' 5)); see also
Tex. Code Crim. Proc. Ann. art. 11.07, ' 5 (AAfter conviction the procedure outlined in this
Act shall be exclusive and any other proceeding shall be void and of no force
and effect in discharging the prisoner.@).