

**NUMBER 13-10-00073-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE JOSE RAMIRO GARCIA GONZALES

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Per Curiam Memorandum Opinion[1]

Relator, Jose Ramiro Garcia Gonzales, pro se, filed a petition for writ of mandamus in the above cause on February 19, 2010, through which he seeks to compel the trial court to rule on relator's request for documents that are "necessary to file his 11.07 habeas corpus."[2] According to relator, he is attempting to file his second application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2009).

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator also filed a "Motion for Suspension of Operation of Rules," seeking permission to file fewer copies of his petition for writ of mandamus. We GRANT this motion.

Article 11.07 provides the exclusive means for an incarcerated individual to challenge a final felony conviction in non-death penalty cases. *See id.*, § 5. Jurisdiction to grant post-conviction habeas corpus relief from a final felony conviction rests exclusively with the court of criminal appeals. *See Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals. Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals."); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner.");

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction over this original proceeding. Accordingly, the petition for writ of mandamus is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the 23rd
day of February, 2010.

2