NUMBER 13-10-00073-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE JOSE RAMIRO GARCIA GONZALES






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Per Curiam Memorandum Opinion (1)



 Relator, Jose Ramiro Garcia Gonzales, pro se, filed a petition for writ of mandamus
in the above cause on February 19, 2010, through which he seeks to compel the trial court
to rule on relator's request for documents that are "necessary to file his 11.07 habeas
corpus." (2) According to relator, he is attempting to file his second application for writ of
habeas corpus. See Tex. Code Crim. Proc. Ann. art. 11.07, § 4 (Vernon Supp. 2009).

 Article 11.07 provides the exclusive means for an incarcerated individual to
challenge a final felony conviction in non-death penalty cases. See id., § 5. Jurisdiction
to grant post-conviction habeas corpus relief from a final felony conviction rests exclusively
with the court of criminal appeals. See Bd. of Pardons & Paroles ex rel. Keene v. Court
of Appeals for Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); Hoang v. State,
872 S.W.2d 694, 697 (Tex. Crim. App. 1993); In re McAfee, 53 S.W.3d 715, 718 (Tex.
App.-Houston [1st Dist.] 2001, orig. proceeding) ("Article 11.07 contains no role for the
courts of appeals; the only courts referred to are the convicting court and the Court of
Criminal Appeals. Should an applicant find it necessary to complain about an action or
inaction of the convicting court, the applicant may seek mandamus relief from the Court
of Criminal Appeals."); see also Tex. Code Crim. Proc. Ann. art. 11.07, § 5 ("After
conviction the procedure outlined in this Act shall be exclusive and any other proceeding
shall be void and of no force and effect in discharging the prisoner.");

 The Court, having examined and fully considered the petition for writ of mandamus,
is of the opinion that we lack jurisdiction over this original proceeding. Accordingly, the
petition for writ of mandamus is DISMISSED FOR WANT OF JURISDICTION. See Tex.
R. App. P. 52.8(a). 


 PER CURIAM


Do not publish. See Tex. R. App. P. 47.2(b).


Delivered and filed the 23rd

day of February, 2010.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. Relator also filed a "Motion for Suspension of Operation of Rules," seeking permission to file fewer
copies of his petition for writ of mandamus. We GRANT this motion.