

# NUMBERS 13-10-00211-CR & 13-10-00212-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE STEVEN PEREZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Vela
### Per Curiam Memorandum Opinion[1]

On April 12, 2010, relator, Steven Perez, pro se, filed a petition for writ of mandamus in the foregoing causes arguing, inter alia, that he is being illegally confined.[2] We deny the petition for writ of mandamus as stated herein.

This Court previously affirmed relator's conviction for murder. *See Perez v. State*, No. 13-08-296-CR, 2009 Tex. App. LEXIS 1437, at *23 (Tex. App.–Corpus Christi Feb. 26, 2009, pet. ref'd) (mem. op., not designated for publication). Relator's appeal of his

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The respondent in this original proceeding is the Honorable Sandra Watts, presiding judge of the 117th District Court of Nueces County, Texas.

conviction for unlawful possession of a firearm by a felon, arising from trial court cause number 07-CR-1224-B, is currently pending before this Court in our cause number 13-08-00433-CR. Relator is represented by appointed counsel in that cause.

First, this Court has no authority to issue writs of mandamus in criminal law matters pertaining to habeas corpus proceedings seeking relief from final felony judgments. That jurisdiction lies exclusively with the Texas Court of Criminal Appeals. *See Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals. Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals."); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner.").

Second, mandamus relief may be granted if the relator shows that: (1) the act sought to be compelled is purely ministerial; and (2) there is no adequate remedy at law. *See Deleon v. Dist. Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding). The relator must have a "clear right" to the relief sought and the merits of the relief sought must be "beyond dispute." *See id.* "The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *See id.*

2

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the 13th
day of April, 2010.