# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00801-CV

---

**In re David Bryan Ballard**

---

### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

---

## M E M O R A N D U M   O P I N I O N

David Bryan Ballard, proceeding pro se, filed a "Motion to Enter New Evidence that Appellant's Attorney Failed to Enter in Above Cause Number to Show Doubt Existed but Wasn't Presented at Either Trial or in Appellant's Attorney's Appeal" in this Court. Looking to the substance of Ballard's pleading, rather than its title or form, we construe his pleading as a petition for writ of habeas corpus. *See Surgitek, Bristol-Myers Corp. v. Abel,* 997 S.W.2d 598, 601 (Tex. 1999) (courts look to substance of pleading rather than its caption or form to determine its nature). Ballard appears to be challenging a judgment of conviction for failing to register as a sex offender rendered in Cause No. 02-103-K277 in the 277th District Court of Williamson County in June 2005.

The habeas corpus procedure set out in article 11.07 of the Code of Criminal Procedure provides the exclusive remedy for felony post-conviction relief in state court. *See* Tex. Code Crim. Proc. art. 11.07, § 5. Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id.; Hoang v.*

*State,* 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (only court of criminal appeals has authority to grant post-conviction relief from final felony convictions).

Accordingly, we dismiss Ballard's petition for want of jurisdiction.


_____
David Puryear, Justice

Before Puryear, Goodwin, and Bourland

Filed:   December 20, 2018