**Opinion filed October 31, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00316-CR
_____

## IN RE CHRISTOPHER COBOS

### Original Proceeding

## M E M O R A N D U M   O P I N I O N

Appearing pro se, Christopher Cobos has filed in this court a "writ of error, and motion for out-of-time appeal." We dismiss for want of jurisdiction.

Cobos contends in this proceeding that the judgment previously rendered by this court in an appeal from a judgment of conviction against Cobos "was rendered in an unconstitutional proceeding."[1] He asserts that he is entitled to a writ of error pursuant to Articles 44.42 and 44.43 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 44.42, .43 (West 2018). Article 44.43 provides that a defendant may have "any such judgment as is mentioned in the preceding Article," which is Article 44.42, "reviewed upon writ of error." *Id.* art. 44.43. Article 44.42, however, provides for an appeal from a bond forfeiture. *Id.* art. 44.42.

---

[1]The appeal to which Cobos refers is Cause No. 11-15-00210-CR, in which Cobos appealed from a conviction for the offense of assault family violence with a previous conviction for assault family violence. *See Cobos v. State*, No. 11-15-00210-CR, 2017 WL 253663 (Tex. App.—Eastland Jan. 20, 2017, pet. ref'd) (mem. op., not designated for publication).

Neither the prior appeal in this court nor the current proceeding relate to a bond forfeiture. Therefore, Article 44.43 does not apply to this proceeding and does not authorize this court to exercise "writ of error" jurisdiction in this cause. *In re Bridges*, No. 12-13-00369-CR, 2013 WL 6672798, at *1 (Tex. App.—Tyler Dec. 12, 2013, no pet.) (mem. op., not designated for publication).

Cobos also requests that we grant him an out-of-time appeal. However, we are not authorized to grant a request for an out-of-time appeal. The Court of Criminal Appeals is the only court with jurisdiction to consider a motion for an out-of-time appeal. *See Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

It appears that the substance of the relief sought by Cobos is postconviction relief from a final felony conviction—relief for which the habeas corpus procedure set out in Article 11.07 of the Code of Criminal Procedure provides the exclusive remedy. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Article 11.07 vests complete jurisdiction for such relief in the Texas Court of Criminal Appeals. *Id.* art. 11.07, §§ 3, 5; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993).

Because we have no jurisdiction to grant Cobos's request for a writ of error or an out-of-time appeal, we dismiss this proceeding for want of jurisdiction.


October 31, 2019                                          PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.