Opinion filed January 14, 2021



# In The

# Eleventh Court of Appeals

_____

## No. 11-20-00249-CR

_____

## WILLIAM LEN RAINEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. 22962**

## MEMORANDUM OPINION

William Len Rainey has filed a pro se notice of appeal from the denial of a motion to recuse. Appellant's motion to recuse related to a postconviction habeas corpus that was filed in the trial court. We dismiss the appeal.

The clerk of this court wrote Appellant on November 9, 2020, and informed him that it did not appear that the order denying the motion to recuse was an appealable order. We requested that Appellant respond and show grounds to continue the appeal. We have received a response from Appellant in which he asserts that judicial oversight of the denial of his motion to recuse is necessary by appellate review and may be reviewed on appeal for an abuse of discretion. Appellant explains that his request for recusal relates to his "right to petition for

habeas corpus" pursuant to Article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).

First, we note that an order denying a motion to recuse is not a final, appealable order; it may be reviewed only in an appeal from a final judgment. *Green v. State*, 374 S.W.3d 434, 445 (Tex. Crim. App. 2012). An appeal of the decision to deny a motion to recuse, standing alone, would be improper. *Id.* Second, we note that the order from which Appellant attempts to appeal appears to relate to an Article 11.07 writ of habeas corpus that was filed by Appellant. *See* CRIM. PROC. art. 11.07. Article 11.07 vests complete jurisdiction over postconviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id.* §§ 3, 5; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (only Court of Criminal Appeals has authority to grant postconviction relief from final felony convictions). There is no role for the intermediate courts of appeals in the procedure under Article 11.07. *See* CRIM. PROC. art. 11.07, § 3; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). For the above reasons, we have no jurisdiction to entertain this appeal.

Consequently, we dismiss the appeal for want of jurisdiction.


January 14, 2021                                          PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Trotter, J.,
Williams, J., and Wright, S.C.J.[1]

Bailey, C.J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.