**Opinion filed May 20, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-21-00067-CR

_____

## WILLIAM LEN RAINEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause No. 22962**

## M E M O R A N D U M   O P I N I O N

William Len Rainey has filed a pro se notice of appeal from the denial or the presumed denial of motions related to a postconviction[1] application for writ of habeas corpus. Appellant asserts that he filed several motions in the trial court and that he requested the following: a change of venue, production of the clerk's record,

---

[1]*See Rainey v. State*, No. 11-13-00297-CR, 2015 WL 6119526, at *1 (Tex. App.—Eastland Sept. 30, 2015, pet. ref'd) (mem. op., not designated for publication) (affirming Appellant's conviction and life sentence).

funds, an evidentiary hearing, a "Daubert" hearing, and a "Brady" hearing. We dismiss the appeal.

Upon docketing this appeal, the clerk of this court wrote Appellant and informed him that it did not appear that he was appealing from an appealable order. We requested that Appellant respond and show grounds to continue the appeal. We have received a response from Appellant indicating that he does not understand "why this is not an appealable or final order, or who has jurisdiction."

First, we note that the alleged or presumed orders from which Appellant attempts to appeal appear to relate to an Article 11.07 writ of habeas corpus that was filed by Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Article 11.07 vests complete jurisdiction over postconviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id.* §§ 3, 5; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995) (orig. proceeding); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (only Court of Criminal Appeals has authority to grant postconviction relief from final felony convictions). There is no role for the intermediate courts of appeals in the procedure under Article 11.07. *See* CRIM. PROC. art. 11.07, § 3; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

Second, we point out that this court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). The alleged or presumed orders from which Appellant attempts to appeal do not contain a final judgment of conviction or an order from which an appeal is otherwise authorized by law.

For the above reasons, we have no jurisdiction to entertain this appeal. Consequently, we dismiss the appeal for want of jurisdiction.

PER CURIAM

May 20, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Trotter, J.,
Williams, J., and Wright, S.C.J.[2]

Bailey, C.J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.