# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00238-CV

### In re James Wesley McCartney

### ORIGINAL PROCEEDING FROM TOM GREEN COUNTY

### M E M O R A N D U M   O P I N I O N

Relator James Wesley McCartney has filed a petition for writ of mandamus complaining of the trial court's failure to rule on his "Common Law Writ of Liberare." Looking to the substance of his filing, rather than its title or form, we construe his underlying writ as a writ of habeas corpus. *See* Tex. Code Crim. Pro. art. 11.01; *see also Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (courts look to substance of pleading rather than its form or caption to determine its nature).

The habeas corpus procedure set out in article 11.07 of the Code of Criminal Procedure provides the exclusive remedy for felony post-conviction relief in Texas state court. *See* Tex. Code Crim. Proc. art. 11.07, §§ 3(a), 5. Article 11.07 vests jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id.* § 3(a); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *In re Wood*, No. 03-16-000651-CV, 2016 WL 6575240, at *1 (Tex. App.—Austin Nov. 2, 2016, orig. proceeding) (mem. op.). Accordingly, we dismiss McCartney's petition for want of jurisdiction.

McCartney also presented a motion for leave to file his petition for writ of mandamus. Leave is not required to file a petition for writ of mandamus in the court of appeals, but only in the Court of Criminal Appeals. *See* Tex. R. App. P. 52 *Notes and Comments*, 72.1. McCartney's motion for leave to file a writ of mandamus is dismissed as moot.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Baker and Smith

Filed: May 27, 2021