**Opinion filed November 12, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-21-00213-CR

_____

## EX PARTE MICHAEL JOE ANDERSON

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CR03521-A**

## MEMORANDUM OPINION

Michael Joe Anderson, Appellant, has filed a pro se notice of appeal from the denial of an application for postconviction writ of habeas corpus, which Appellant purportedly filed pursuant to Article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West Supp. 2020). We dismiss for want of jurisdiction.

When the appeal was docketed in this court, we notified Appellant by letter that it did not appear that we had jurisdiction in this matter. We requested that Appellant respond and show grounds to continue this appeal. Appellant has not filed a response.

Article 11.072 provides for habeas relief for an individual who is either serving a term of community supervision or who has completed a term of community supervision. *Id.* art. 11.072, § 1; *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008). An individual who has been finally convicted of a felony and sentenced to imprisonment may not seek habeas relief under Article 11.072; he must instead file an Article 11.07 writ application. *See* CRIM. PROC. art. 11.07, §§ 1, 3; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding) ("Article 11.07 provides the exclusive means to challenge a final felony conviction.").

Article 11.07 vests complete jurisdiction over postconviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See* CRIM. PROC. art. 11.07, §§ 3, 5; *Bd. of Pardons & Paroles ex rel. Keene*, 910 S.W.2d at 484; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (only Court of Criminal Appeals has authority to grant postconviction relief from final felony convictions). There is no role for the intermediate courts of appeals in the procedure under Article 11.07, and this court has no jurisdiction over final postconviction felony writs. *See* CRIM. PROC. art. 11.07, § 3; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

The documents on file in this appeal show that the trial court, after initially placing Appellant on deferred adjudication community supervision, adjudicated Appellant's guilt and assessed his punishment at imprisonment for eight years. When this occurred, Appellant was no longer eligible for relief under Article 11.072. *See* CRIM. PROC. art. 11.07, §§ 1, 3; *Villanueva*, 252 S.W.3d at 397; *Ex parte Rios*, No. 05-19-00051-CR, 2019 WL 2296234, at *1 (Tex. App.—Dallas May 30, 2019, no pet.) (mem. op., not designated for publication). Because Appellant has been finally convicted of a felony, this court has no jurisdiction to entertain his appeal

from the denial of his application for writ of habeas corpus. *See Rios*, 2019 WL 2296234, at *1–2.

We dismiss this appeal for want of jurisdiction.

PER CURIAM

November 12, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.