**Opinion filed February 24, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00034-CR
_____

## EX PARTE AARON GRAHAM

---

**Original Proceeding**

---

### M E M O R A N D U M   O P I N I O N

Aaron Graham has filed in this court an application for postconviction writ of habeas corpus. The application is related to his 2021 conviction in the 70th District Court of Ector County for the state jail felony offense of possession of a controlled substance. Graham asks that we reduce his punishment to a punishment within the range applicable to a misdemeanor offense. We dismiss for want of jurisdiction.

We can find no authority that would enable this court to grant the relief requested by Graham. *See* TEX. CONST. art. V, §§ 5, 6 (providing that Court of Criminal Appeals has the power to issue writs of habeas corpus and that intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2021) (limited writ powers granted to the courts of appeals). An intermediate appellate court has no jurisdiction to release a person

from confinement, or to reduce the person's punishment, when that person has been finally convicted of a felony; the Court of Criminal Appeals has exclusive jurisdiction in such matters. *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2021). Because we have no jurisdiction to grant the relief requested by Graham in his application for writ of habeas corpus that was filed as an original proceeding in this court, we must dismiss.

We dismiss this proceeding for want of jurisdiction.

PER CURIAM

February 24, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.