**Opinion filed June 30, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00137-CR

_____

## EX PARTE EDDIE DALE UNDERWOOD

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 6880-D**

## M E M O R A N D U M   O P I N I O N

Eddie Dale Underwood, Appellant, has filed a pro se notice of appeal from the denial of an application for writ of habeas corpus, which Appellant purportedly filed pursuant to Article 11.08 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2015). We dismiss for want of jurisdiction.

When the appeal was docketed in this court, we notified Appellant by letter that it did not appear that we had jurisdiction in this matter. We requested that Appellant respond and show grounds to continue this appeal. Appellant has filed a response.[1] In his response, Appellant asserts that he has new evidence that

---

[1]We note that Appellant has also filed a related mandamus proceeding in this court: our Cause No. 11-22-00160-CR. In the mandamus proceeding, Appellant asks that we order the district judge to vacate an "order" that he entered in the underlying criminal cause. Today, in Cause No. 11-22-00160-CR, we denied Appellant's petition for writ of mandamus.

strengthens his need for a "Probable Cause Hearing"; Appellant's assertions, however, relate to a judgment nunc pro tunc and a final felony conviction from 1992 for which Appellant was sentenced to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for fifteen years.

Article 11.08 provides for habeas relief for an individual who is confined after indictment on a felony charge. *Id.*; *Ward v. State*, No. AP-77,096, 2020 WL 3265251, at *1 (Tex. Crim. App. June 17, 2020). As noted by the Court of Criminal Appeals, an indicted defendant—if "not yet finally convicted"—may file an Article 11.08 writ of habeas corpus in the district court. *Ward*, 2020 WL 6275251, at *1. Thus, an individual who has been finally convicted of a felony and sentenced to imprisonment may not seek habeas relief under Article 11.08; he must instead file an Article 11.07 writ application. *See* CRIM. PROC. arts. 11.07, 11.08; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding) ("Article 11.07 provides the exclusive means to challenge a final felony conviction."); *Ex parte Sayyed*, No. 05-19-01460-CR, 2019 WL 6696034, at *1 (Tex. App.—Dallas Dec. 9, 2019, no pet.) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction and holding that the appellant could not obtain relief under Article 11.08 because he had already been convicted).

Article 11.07 vests complete jurisdiction over postconviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See* CRIM. PROC. art. 11.07, §§ 3, 5; *Bd. of Pardons & Paroles ex rel. Keene*, 910 S.W.2d at 484; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (only Court of Criminal Appeals has authority to grant postconviction relief from final felony convictions). There is no role for the intermediate courts of appeals in the procedure under Article 11.07, and this court has no jurisdiction over final postconviction

felony writs.  *See* CRIM. PROC. art. 11.07, § 3; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

The documents on file in this appeal show that the trial court, after initially placing Appellant on deferred adjudication community supervision, adjudicated Appellant's guilt and assessed his punishment at imprisonment for fifteen years. Because Appellant has been finally convicted of a felony, this court has no jurisdiction to entertain his appeal from the denial of his Article 11.08 application for writ of habeas corpus.  *See Sayyed*, 2019 WL 6696034, at *1.

We dismiss this appeal for want of jurisdiction.

PER CURIAM

June 30, 2022

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.