**Opinion filed March 16, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00024-CR

_____

## JOHN LOUIS ATKINS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 20,106-B**

## M E M O R A N D U M   O P I N I O N

John Louis Atkins has filed a pro se notice of appeal from an order denying his motion to recuse. Appellant's motion to recuse related to a postconviction habeas corpus that was filed in the trial court. We dismiss the appeal.

The clerk of this court wrote Appellant on February 7, 2023, and informed him that it did not appear that the order denying the motion to recuse was an appealable order. We requested that Appellant respond and show grounds to continue the appeal. We have received a response from Appellant in which he

asserts that the denial of his motion to recuse "may" be reviewed, with this court's permission, in an interlocutory appeal. We disagree.

First, we note that an order denying a motion to recuse is not a final, appealable order; it may be reviewed only in an appeal from a final judgment. *Green v. State*, 374 S.W.3d 434, 445 (Tex. Crim. App. 2012). An appeal of the decision to deny a motion to recuse, standing alone, would be improper. *Id.* Second, we note that the order from which Appellant attempts to appeal appears to relate to an Article 11.07 writ of habeas corpus that was filed by Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp 2022). Article 11.07 vests complete jurisdiction over postconviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id.* §§ 3, 5; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (only Court of Criminal Appeals has authority to grant postconviction relief from final felony convictions). There is no role for the intermediate courts of appeals in the procedure under Article 11.07. *See* CRIM. PROC. art. 11.07, § 3; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). For the above reasons, we have no jurisdiction to entertain this appeal.

Consequently, we dismiss the appeal for want of jurisdiction.

PER CURIAM

March 16, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.