

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01038-CR

**EX PARTE** Maurice A. **MOSES**

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2007CR8924-W1
Honorable Angus McGinty, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                 Liza A. Rodriguez, Justice
                 Lori I. Valenzuela, Justice

Delivered and Filed: January 24, 2024

DISMISSED FOR LACK OF JURISDICTION

In the trial court, Maurice Moses filed an application for a writ of habeas corpus pursuant to article 11.07, § 3 of the Texas Code of Criminal Procedure, complaining of his confinement following a criminal conviction for capital murder. On November 17, 2023, Moses filed a notice of appeal in this court seeking review of "the adverse merits determination" in that proceeding. Under the exclusive procedure outlined in article 11.07, only the convicting trial court and the Court of Criminal Appeals have jurisdiction to review the merits of a felony post-conviction habeas petition; there is no role for the intermediate courts of appeals in the statutory scheme. *See* TEX. CODE CRIM. PROC. art. 11.07, § 5 (providing that "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"). Thus, only the Court of Criminal Appeals has jurisdiction to grant post-

conviction release from confinement for persons with a felony conviction. *Id*. art. 11.07, § 3; *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993). The intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding).

We therefore ordered Moses to show cause why this application should not be dismissed for lack of jurisdiction. Moses did not respond to our order. Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

Do not publish