

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00707-CR

**EX PARTE** Danny **ACOSTA**

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR4194
Honorable Stephanie R. Boyd, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: December 23, 2024

DISMISSED FOR WANT OF JURISDICTION

In 2021, in trial court cause number 2021-CR-4194, Appellant pled guilty to aggravated assault with a deadly weapon, a felony. Adjudication was deferred and he was placed on community supervision. Later, Appellant pled true to violating a condition of his community supervision. The trial court adjudicated his guilt and sentenced him to confinement in the Texas Department of Criminal Justice—Institutional Division for fifteen years.

Appellant timely filed a notice of appeal, and we designated his appeal as 04-23-00341-CR. On May 11, 2023, by order of the Texas Supreme Court, his appeal was transferred to the Thirteenth Court of Appeals. It designated his appeal 13-23-00188-CR.

Court-appointed counsel filed an *Anders* brief, and Appellant filed a pro se brief. The Thirteenth Court affirmed the trial court's judgment, and its mandate issued on October 25, 2023.

On September 3, 2024, the Thirteenth Court received Appellant's letter stating he was seeking habeas corpus relief in trial court cause number 2021-CR-4194 due to ineffective assistance of counsel. The Thirteenth Court forwarded Appellant's notice to this court.

On October 23, 2024, we advised Appellant that this court has "no jurisdiction over post-conviction writs of habeas corpus in felony cases." *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam); *accord* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993). "Post-conviction writs of habeas corpus are to be filed in the trial court in which the conviction was obtained [and] made returnable to the Court of Criminal Appeals." *In re Coronado*, 980 S.W.2d at 692 (citing TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3). We ordered Appellant to show cause in writing by November 22, 2024, why this appeal should not be dismissed for want of jurisdiction.

On November 7, 2024, Appellant filed a response to this court's order, stating, "After research the law regarding jurisdiction and reviewing the record filed in this case by the Clerk, the undersigned cannot show any cause for this Honorable Court to retain jurisdiction in this matter."

Necessarily, we dismiss this appeal for want of jurisdiction.


PER CURIAM

DO NOT PUBLISH