**Opinion filed April 3, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00053-CR

_____

## WILLIAM LEN RAINEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. 22962**

## M E M O R A N D U M   O P I N I O N

In 2013, a jury found Appellant, William Len Rainey, guilty of the second-degree felony offense of indecency with a child by sexual contact, and the trial court sentenced him to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. 21.11(a)(1), (d) (West 2019). We affirmed the trial court's judgment of conviction. *See Rainey v. State*, No. 11-13-00297-CR, 2015 WL 6119526, at *1 (Tex. App.—Eastland Sept. 30,

2015, pet. ref'd) (mem. op., not designated for publication). Appellant has now filed a pro se notice of appeal from the trial court's order on his postconviction application for writ of habeas corpus. We dismiss the appeal.

Upon docketing this appeal, the clerk of this court informed Appellant by letter that it appeared that the order he attempts to appeal relates to a postconviction writ of habeas corpus and is not an order over which this court has jurisdiction. We requested that Appellant respond and show grounds to continue the appeal. In his response, Appellant asserts that we should "exercise, Jurisdiction, compelled by the Interest of Justice, in limited instances."

The order from which Appellant attempts to appeal appears to relate to an Article 11.07 writ of habeas corpus that he filed. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2024). Article 11.07 vests exclusive jurisdiction over postconviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See id.* §§ 3, 5; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995) (orig. proceeding); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993) (only the Court of Criminal Appeals has authority to grant postconviction relief from final felony convictions). This court only has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). The order from which Appellant attempts to appeal is neither.[1]

---

[1]We note that it appears that Appellant also filed a postconviction writ of habeas corpus with the Court of Criminal Appeals that relates to the trial court's orders, which that court has denied. *See Ex parte Rainey*, WR-68,056-20 (Tex. Crim. App. Mar. 5, 2025).

Accordingly, we have no jurisdiction to entertain this appeal.  We dismiss the appeal for want of jurisdiction.

PER CURIAM

April 3, 2025

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Trotter, J.,
Williams, J., and Wright, S.C.J.[2]

Bailey, C.J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.