**Opinion filed March 24, 2022**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-22-00038-CR
_____

### JOSE LOUIS SANCHEZ, JR., Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 27345A**

## M E M O R A N D U M   O P I N I O N

In 2017, a jury convicted Appellant, Jose Louis Sanchez, Jr., of the offense of continuous sexual abuse of a child and assessed Appellant's punishment at imprisonment for forty-five years. Appellant now attempts to appeal his conviction. However, because the notice of appeal was not timely filed, we must dismiss the appeal.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed or

suspended in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this appeal indicate that Appellant's sentence was imposed on August 31, 2017, and that Appellant filed his pro se notice of appeal on February 17, 2022—over four years after his sentence was imposed. The notice of appeal was therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain an appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993). Because the notice of appeal was not timely filed, we have no jurisdiction over this appeal and must dismiss it. *See Slaton*, 981 S.W.2d at 210.

When the appeal was docketed in this court, we notified Appellant that the notice of appeal appeared to be untimely, and we informed him that this appeal may be dismissed for want of jurisdiction. We requested that Appellant file a response showing grounds upon which this appeal could continue. Appellant has filed a response in this court in which he asks that he be allowed to file an out-of-time appeal.

However, we are not authorized to grant the relief requested by Appellant in his response; this court has no authority to grant permission to file an out-of-time appeal. *See id.* Article 11.07 of the Texas Code of Criminal Procedure vests complete jurisdiction over postconviction relief from final felony convictions in the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). The Court of Criminal Appeals is the only court with jurisdiction to consider a

motion for an out-of-time appeal. *See Ater*, 802 S.W.2d at 243. The appropriate vehicle for Appellant to seek an out-of-time appeal is for him to pursue a writ of habeas corpus from the Court of Criminal Appeals pursuant to Article 11.07.

We dismiss this appeal for want of jurisdiction.

PER CURIAM

March 24, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.